438 A.2d 1003

**John LENGYEL and Helen Lengyel, his wife, Appellants,**

v.

**FRANK BLACK, JR., INC.**

**John LENGYEL and Helen Lengyel, his wife, Appellants,**

v.

**FRICH CONSTRUCTION COMPANY.**

Superior Court of Pennsylvania.

Argued April 13, 1981.

Filed Dec. 18, 1981.

John M. Golden, Monongahela, for appellants.

Wray G. Zelt, III, Washington, for appellees.

Before CAVANAUGH, JOHNSON and SHERTZ, JJ.

PER CURIAM:

On September 7, 1978, John Lengyel and Helen Lengyel, his wife, brought an action in trespass against the defendant, Frank Black, Jr., Inc. for blasting seeking $3,760.60 in damages. On March 16, 1979, plaintiff filed suit against the defendant, Frich Construction Company. At plaintiffs' request, the cases were consolidated by Order of Court dated January 3, 1980. On February 15, 1980, an arbitration hearing was held.[1] The Board of Arbitrators rendered judgment in favor of plaintiffs against defendant, Frich Construction Company in the amount of $2,653.15 and against plaintiffs in favor of defendant, Frank Black, Jr., Inc. On March 13, 1980, plaintiffs appealed from the award of the arbitrators to the Court of Common Pleas. A Motion to Quash Appeal was filed by each defendant alleging the

1. Act of July 9, 1976, P.L. 586, No. 142, § 2, 42 Pa.C.S.A. § 7361 (1980).

recognizance and surety filed by the plaintiffs was deficient and improper. On May 2, 1980, President Judge Sweet rendered an Opinion addressing the issues in this case.

▰ After a careful review of the Opinion, this court concludes it did not constitute an order. Therefore, an appeal may not be taken from this Opinion.[2]

> As to the nature of the decision of the inferior court from which an appeal lies, the general rule is that, except as otherwise allowed by statute, an appeal lies only from a definitive action of the inferior court, such as a judgment, decree, or final order. Implicit in this statement of the rule is the proposition that ordinarily appeals lie only from judgments or decrees and that they do not lie from incidental rulings of the inferior court made during the course of the trial.... Appeals do not lie from a mere *opinion* of the inferior court, since even though the appellate court can infer from the opinion filed what was intended, it can neither affirm nor reverse a decree which has never been entered. [Footnotes and citations omitted] (emphasis added).

9 Standard Pennsylvania Practice 43. In *Creighan v. City of Pittsburgh*, 389 Pa. 569, 573, 132 A.2d 867, 870 (1957) the Supreme Court of Pennsylvania stated:

> An appeal lies only from a definitive action of a lower court such as a judgment, a decree or a final order, unless an appeal is specifically allowed by statute: *Coleman, Admr., et al. v. Huffman et al.*, 348 Pa. 580, 36 A.2d 724; *Stadler, Admr. v. Mt. Oliver Borough*, 373 Pa. 316, 95 A.2d 776; *Sullivan v. Philadelphia*, 378 Pa. 648, 107 A.2d 854; 9 Standard Penna. Practice § 20. [sic].

*See also* Pa.R.A.P. 301(b), 42 Pa.C.S.A.

For the reasons cited herein, the appeal of plaintiffs is quashed.

2. It is noted by this court that the Per Curiam Order of the lower court en banc, dated July 15, 1980, is, in effect, a nullity as a court en banc may review only an order of judgment of the lower court and not an opinion.

As no final order was ever issued by the lower court in this case, we cannot address the merits of Appellant's appeal.