Tillie Jane Oakes, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Woolrich Woolen Mills, Respondents.

Argued February 3, 1982, before President Judge CRUMLISH and Judges BLATT and MACPHAIL, sitting as a panel of three.

*Charles R. Rosamilia, Jr.,* for petitioner.

*James M. Horne, McQuaide, Blasko, Schwartz, Fleming & Faulkner,* for respondent, Woolrich Woolen Mills.

OPINION BY JUDGE BLATT, May 21, 1982:

This is an appeal from an order of the Workmen's Compensation Appeal Board (Board) reversing a referee's grant of benefits to Tillie Jane Oakes (claimant) for an injury which the referee had found compensable under The Pennsylvania Workmen's Compensation Act.[1]

The claimant was employed by Woolrich Woolen Mills (employer) as a sewing machine operator from April 1976 until January 18, 1979, when she was unable to continue working due to severe pain in both hands. Following surgery on January 22, 1979, the first of two surgical procedures performed on her hands for carpal tunnel syndrome, she petitioned for benefits, and the referee found that she had sustained a work-related injury as a result of which she became totally disabled from January 18, 1979 until July 28, 1979. On appeal, the Board took no additional evidence but reversed, finding that the referee had erred in concluding that the claimant's disability was work-related.

Where the party with the burden of proof has prevailed before the factfinder, our scope of review and that of the Board when it takes no additional evidence,

---

[1] Act of June 2, 1915, P.L. 936, *as amended,* 77 P.S. §§1-1066.

is limited to determining whether or not there has been an error of law or a violation of constitutional rights and whether or not the referee's findings of fact are supported by substantial evidence, *Custom Concrete Corp. v. Workmen's Compensation Appeal Board,* 52 Pa. Commonwealth Ct. 331, 415 A.2d 989 (1980), and the party who prevailed before the factfinder is entitled to the benefit of the most favorable inferences to be drawn from the evidence. *Workmen's Compensation Appeal Board v. Thomas V. Ferrick, Inc.,* 23 Pa. Commonwealth Ct. 591, 353 A.2d 490 (1976).

Injuries are compensable under the Act if they arise in the course of employment and are related thereto, *Thomas v. Workmen's Compensation Appeal Board,* 55 Pa. Commonwealth Ct. 449, 423 A.2d 784 (1980), and, when the causal connection between the disability and the work activity is not obvious, as where the injury is not attributable to a single incident, the burden is upon the claimant to establish the connection by unequivocal medical testimony. *American Refrigerator Equipment Company v. Workmen's Compensation Appeal Board,* 31 Pa. Commonwealth Ct. 590, 377 A.2d 1007 (1977). It is well-settled, of course, that, for an injury to be compensable under the Act, it is not required that the injury have resulted from any sudden occurrence or accident; it may be due to daily trauma or to a daily aggravation of a preexisting injury. *Firestone Tire & Rubber Co. v. Workmen's Compensation Appeal Board,* 40 Pa. Commonwealth Ct. 142, 396 A.2d 902 (1979).

At the hearing, the claimant introduced a report of her treating physician, in which he stated that:

The patient developed bilateral carpal tunnel syndromes due to trauma she received in her work by lifting and twisting and constantly hitting the palms of her hands on the heavy objects at work . . . The patient's carpal tunnel

syndromes are directly related and caused by her work.

In his findings of fact, the referee stated that, "[t]he work was not heavy and your referee could find no reason for any trauma or pounding of the palm of the hand as averred by the claimant and referred to by the doctors." In determining whether or not a causal connection was present, however, he noted that both the claimant's treating physician and the employer's medical witness had "agree[d] that repeated bending and twisting [of the hands] could cause the complaints and symptoms experienced by the claimant." Upon consideration of all the evidence, he found the medical evidence submitted by the claimant's physician to be credible and consequently determined the claimant's injury to be work-related.

In workmen's compensation cases, questions of credibility and probative value are for the referee and the weight to be accorded testimony and the inferences to be drawn therefrom are for him, and not for this Court, to determine. *D & T Brooks, Inc. v. Workmen's Compensation Appeal Board,* 38 Pa. Commonwealth Ct. 223, 392 A.2d 895 (1978). And, having assessed the credibility of the evidence, the referee may exercise his discretion to accept or reject the testimony of any witness in whole or in part, and, if evidence so accepted is such as a reasonable mind might accept to support a conclusion, we are precluded from disturbing the referee's findings, even in the presence of evidence to the contrary. *American Refrigerator.*

The claimant's physician unequivocally stated that her carpal tunnel syndromes were directly related to and caused by her work and the referee's inability to find a reason for the trauma or the pounding of the palm of the hand averred by the claimant and referred to by her doctor did not render the physician's testimony equivocal. Moreover, the referee did accept as

credible that part of the doctor's report which attributed the condition to the repeated bending and twisting of her hands which the claimant's job required.

We believe that the claimant met her burden of proving by unequivocal medical testimony that a causal relationship existed between her disability and her work activity. In the presence of substantial evidence to support the referee's finding of a work-related injury, therefore, the Board erred in reversing the referee.

We will, therefore, reverse the order of the Board and grant workmen's compensation benefits to the claimant.

### ORDER

AND NOW, this 21st day of May, 1982, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is reversed.

AND IT IS FURTHER ORDERED that judgment be entered in favor of the claimant, Tillie Jane Oakes, and against Woolrich Woolen Mills and/or its insurance carrier for compensation for total disability at the rate of $113.50 per week, beginning January 18, 1979 to and including July 28, 1979 (a period of 192 days or 27 3/7 weeks) when all work-related disability ceased and terminated.

Deferred payment of compensation shall bear interest at the rate of ten percent (10%) per annum, as provided in Section 406.1 of the Act.

Woolrich Woolen Mills and/or its insurance carrier is further directed to pay the following medical bills and expenses incurred:

| | |
|---|---|
| Dr. N. W. DiCuccio | $150.00 |
| Raible's Pharmacy | 76.70 |

Woolrich Woolen Mills and/or its insurance carrier is directed to reimburse the claimant for payment of the following medical bills and expenses:

| | |
|---|---|
| Raible's Pharmacy | $ 7.00 |
| Lock Haven Hospital | 10.00 |
| Geisinger Medical Center | 30.00 |

Counsel fees in the amount of $625.00 as agreed upon between the claimant and counsel for the claimant, Charles R. Rosamilia, Jr., Esq., are hereby approved.

Judge MENCER did not participate in the decision in this case.