528 A.2d 662

Earl MITCHUM, Edwin Murphy, John J. Sullivan, Frank Cataldi, R.M. Davis, Jr. and A. Gambo, Suing on their Behalf and on Behalf of Persons Similarly Situated, Appellants,

v.

ATLANTIC RICHFIELD COMPANY and Employees Retirement System of the Atlantic Richfield Company, Joseph E. Thompson, Jr., Charles R. Webb, John J. O'Brien, John J. Nussbaumer, David R. Boyd, Alvin J. Carpenter and William W. Dougherty, Appellees.

Superior Court of Pennsylvania.

Argued March 11, 1987.

Filed July 21, 1987.

584

James J. DeMarco, Philadelphia, for appellants.

Jerome A. Hoffman, Philadelphia, for appellees.

Before CIRILLO,* President Judge, and McEWEN, and MONTEMURO, JJ.

MONTEMURO, Judge:

This appeal lies from an Order granting appellees' motion for summary judgment.

The underlying cause of action finds its basis in the combination of the pension plans of the three companies whose (successive) corporate mergers produced what is now the Atlantic Richfield Co. (ARCO).

In January, 1966, Atlantic Refining Co. merged with Richfield Oil Corp., forming ARCO, and, at the same time combined the assets of the companies' employee pension plans into a single uniform plan. In July, 1969, the Atlantic Independent Union (AIU), pursuant to a collective bargaining agreement, ratified the new uniform plan. Also in 1969, Sinclair Oil Co. was added to the ARCO conglomerate and its pension fund too was incorporated into the ARCO uniform plan. This addition was approved by the union, again through collective bargaining procedures, in January 1970.

In January 1972, the first of two complaints in equity was filed, claiming that the assets of the original Atlantic Refining pension plan had been impaired or diluted by the consol-

---

* President Judge Cirillo replaced the deceased Justice Roberts.

idation. This complaint, the Mitchum complaint,[1] was filed on behalf of the members of the Atlantic plan against ARCO and the plan trustees. A second suit, the Thompson complaint, was filed four months later in April, 1972 by AIU officers on behalf of the plaintiffs covered by the Mitchum complaint and, as well, the employees affected by the combination with the Sinclair Oil pension plan.

Both complaints alleged that the members of the Atlantic Refining Co. pension plan paid in more, proportionately, than the employees of Richfield or of Sinclair Oil, and that the intended result of the consolidation was to utilize the Atlantic plan assets to offset the shareholders liabilities to the Richfield plan. The Mitchum plaintiffs, a dissident faction of the AIU, then moved, successfully, to amend their pleading to incorporate an averment that the union officials who instituted the companion suit had conspired with Atlantic Refining Co. management to deprive employees of their pension rights.

On March 4, 1974, the trial court, in response to intervening motions, entered an order permitting: (1) the Mitchum plaintiffs to proceed as a class action; (2) a joinder of additional plaintiffs; and (3) joinder of additional defendants and amendment of the complaint.

After what the trial court characterizes as "extensive discovery, innumerable pretrial petitions" and "countless conferences," (Trial Court Op. at 3), counsel agreed that the union plaintiffs would withdraw their suit and that the Mitchum complaint would be amended to remove the union plaintiffs as individual defendants. Atlantic Richfield and the Mitchum plaintiffs both moved for judgment on the basis of the record, and the trial court, on May 19, 1986, granted Atlantic Richfield's motion for summary judgment. This appeal followed.

Appellees have challenged this court's jurisdiction over the appeal on grounds that no final order was entered by the court below as is required by 42 Pa.C.S.A. § 742, Pa.R.A.P. 301. Specifically, Rule 301(b) provides that such

---

1. Earl Mitchum, the representative plaintiff is now deceased.

final order shall be set forth on a separate document. This was not done, as the Order granting the appellees' motion for summary judgment appears at the conclusion of the lower court's Opinion. This is a waivable defect, where it is clear that the opinion below was intended to represent the final decision in the case, and so long as appellee does not object to the taking of an appeal in the absence of a separate judgment, *Brandschain v. Lieberman*, 320 Pa.Super. 10, 11, 466 A.2d 1035, 1036 (1983). *See also Lengyel v. Frank Black, Jr., Inc.*, 293 Pa.Super. 297, 438 A.2d 1003 (1981). Neither of these conditions obtain here.

Appellees did not acquiesce to proceeding with an appeal absent a discrete Order. More importantly, in its Opinion, the trial court expressly retained jurisdiction over the certified class involved, and made plain its intention to enter judgment only after future notice to all members of that class, hence the absence of an Order evidencing finality. This appeal must therefore be quashed. The record is remanded to the Court of Common Pleas of Philadelphia County without prejudice to enter a judgment at the appropriate time. *See generally Gelzhiser v. Fisher*, 418 Pa. 88, 208 A.2d 836 (1965).

Appeal quashed.