140 Pa. Commonwealth Ct. 461 (1991)
593 A.2d 921
GENERAL ELECTRIC COMPANY, Petitioner,
v.
WORKMEN'S COMPENSATION APPEAL BOARD (VALSAMAKI), Respondent.
Commonwealth Court of Pennsylvania.
Submitted on Briefs April 25, 1991.
Decided June 13, 1991.
Petition for Allowance of Appeal Denied November 13, 1991.
*463 Martin J. Fallon, Jr., Philadelphia, for petitioner.
Christina J. Barbieri, Philadelphia, for respondent.
Before COLINS, and KELLEY, JJ., and BLATT, Senior Judge.
BLATT, Senior Judge.
This is an appeal by the General Electric Company (employer) from a decision and order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's decision granting total disability benefits to Edmund Valsamaki (claimant) pursuant to Section 301(c) of The Pennsylvania Workmen's Compensation Act (Act).[1]
The record reveals that the claimant worked for the employer as a field representative from 1958 to 1984 when he was forced to leave his employment due to persistent pain in his back and right knee. In 1964, while working for the employer at a United States military installation in Turkey, the claimant injured his back while lifting an engine. Following this injury, he underwent surgery at a United States Air Force hospital in West Germany. In 1965, the claimant again underwent back surgery following an injury sustained while working for the employer overseas. The record reveals that he received benefits under the Longshore and Harbor Workers' Compensation Act following both of these injuries.
*464 In 1976, the claimant experienced further difficulties with his back while working for the employer overseas which required his hospitalization and ultimately a third back operation in 1978. Finally, in 1984, after enduring painful cramps and stiffness in his back for several years, he underwent a fourth back operation. When he attempted to return to work in 1985, the employer informed him that it could no longer use him due to the 25 pound weight lifting restriction which his doctor had placed on him.
Following several hearings, the referee found that the pain suffered by the claimant in 1984 was causally connected to the injuries which he sustained while working for the employer in 1964 and 1965, and that due to the aggravation of these prior injuries, the claimant was totally disabled. Referee's Decision, May 20, 1988 at 1. The referee also found that the claimant timely notified the employer of his injury when he left work in 1984. Id. On appeal, the Board affirmed the decision of the referee. The employer then filed a petition for rehearing in which it alleged that the Board had failed to address all of the issues raised in its appeal from the referee's decision.[2] The Board granted the employer's petition for rehearing, and following oral argument, issued a second opinion in which it again affirmed the referee's decision and also disposed of all issues raised by the employer. It is from this order of the Board that the employer appeals to this Court.[3]
The employer raises three issues on appeal:

*465 1) Whether the claimant provided proper notification of injury as required under the Act;
2) Whether the Board erred by failing to grant credit to the employer for wage continuation paid to the claimant from October, 1984 through April, 1985; and
3) Whether the Board erred in awarding benefits where the claimant failed to establish a causal connection between his disability and work activity.
We shall treat the first two issues as one because the Board ruled that by failing to raise these issues before the referee, the employer waived them.
Initially, we note that the purpose of the waiver doctrine is to ensure that the tribunal with initial jurisdiction is presented with all cognizable issues. In the workmen's compensation adjudicatory system, the referee represents the tribunal with initial jurisdiction to which all cognizable issues must be presented. The referee not only functions as the fact finder in workmen's compensation proceedings, he or she is also charged with making a record of hearings, and such findings of fact and conclusions of law "as the petition and answers and the evidence produced before him and the provisions of this act shall, in his judgment, require." Section 418 of the Act, as amended, 77 P.S. § 833. Appeals are taken on the basis of the record produced before the referee, and that record is necessarily limited to the claim petition, the answer and the evidence. De Marco v. Jones & Laughlin Steel Corp., 513 Pa. 526, 522 A.2d 26 (1987). It follows that legal issues and facts not presented to the referee cannot be asserted on appeal without sacrificing the integrity, efficiency and orderly administration of the workmen's compensation scheme of redress for work-related injury and occupational disease. Id., 513 Pa. at 532, 522 A.2d at 529.
Our review of the claimant's petition for compensation reveals that he suffered a herniated disc on October 5, 1984, and that he notified his employer of his injury in November, *466 1984. Claim Petition, August 5, 1985, Reproduced Record (R.R.) at 3a-4a. The employer's answer to the claimant's petition reads as follows:
Defense counsel is awaiting opportunity to review file and investigation material; in the meantime, defendant employer/insurer, by counsel, demands proof and/or denies all relevant allegations in claimant's Petition, reserving the right to assert such additional defenses as may be deemed appropriate thereafter.
Answer, September 10, 1985, R.R. at 5a.
According to Section 416 of the Act, as amended, 77 P.S. § 821, every fact alleged in a claim petition not specifically denied by an answer shall be deemed to be admitted. Furthermore, we have held that an employer fails to specifically deny a claim petition when allegations are unanswered or the answer is equivocal. St. Denis v. Workmen's Compensation Appeal Board, 29 Pa.Commonwealth Ct. 375, 371 A.2d 252 (1977). In our view, the employer's answer constitutes nothing more than a blanket denial which fails to specifically deny any allegation contained in the claimant's petition, and is thus equivocal.[4] It is not for the referee, the Board, or for this Court to guess what the employer means by contesting "all relevant allegations" in the claimant's petition. Rather, it is the employer's responsibility, pursuant to Section 416 of the Act, to specifically identify which allegations in the claim petition it is denying.[5] Because the employer failed, in its answer, to raise the issues of whether the claimant provided proper notice of his injury as well as whether it was entitled to a credit for wage continuation, the referee was never given the opportunity to resolve these cognizable issues. Thereafter, we *467 must agree with the Board that the employer waived these issues.[6]
What remains to be determined is whether the Board erred in concluding that the claimant established a causal connection between his disability and work activity. The employer claims that the claimant failed to present any medical evidence establishing that his disability was caused or aggravated by either a specific injury occurring on October 4, 1984 or by cumulative work activity performed during the preceding months. We disagree.
Section 301(c) of the Act provides that an injury shall be construed to mean an injury, regardless of a claimant's previous physical condition, which arises out of the course of the employment and is related thereto. New Enterprise Stone & Lime v. Workmen's Compensation Appeal Board (Baird), 124 Pa.Commonwealth Ct. 257, 555 A.2d 974 (1989). In addition, it is well-settled that for an injury to be compensable under the Act, it is not required that the injury have resulted from any sudden occurrence or accident; it may be due to daily trauma or to a daily aggravation of a preexisting injury. Oakes v. Workmen's Compensation Appeal Board, 66 Pa.Commonwealth Ct. 569, 445 A.2d 838 (1982). Of course, when the causal connection between the disability and work activity is not obvious, as where the injury is not attributable to a single incident, the burden is upon the claimant to establish the connection by unequivocal medical testimony. Id., 66 Pa.Commonwealth Ct. at 571, 445 A.2d at 840.
In his decision, the referee made the following pertinent findings of fact: *468 that the work injuries and back operations of 1964 and 1965 weakened Claimant's back to such an extent that even minor episodes of strain could aggravate the underlying work injury.
5. The Referee finds that [sic] pain suffered by Claimant in October of 1984 was causally connected to his work injuries with Defendant of [sic] 1964 and 1965, and that Claimant is unable to perform his duties with Defendant as of October of 1984 due to the aggravation of these prior work injuries. In connection with this finding, the Referee finds the testimony of Claimant and Dr. Stein credible, and accepts the same as true, and rejects all contrary Defendant evidence.
Referee's Decision, May 20, 1988 at 1.
Where the Board, as here, makes no additional findings of fact in its decision on appeal, the ultimate fact finder is the referee whose findings must be accepted if they are supported by substantial evidence. Carrier Coal Enterprises v. Workmen's Compensation Appeal Board (Balla), 118 Pa.Commonwealth Ct. 201, 544 A.2d 1111 (1988). We recognize that the referee, as fact finder, has exclusive province over questions of credibility and evidentiary weight. Hess Bros. v. Workmen's Compensation Appeal Board (Gornick), 128 Pa.Commonwealth Ct. 240, 563 A.2d 236 (1989). In the exercise of broad discretion, the referee may also accept or reject the testimony of any witness, including a medical witness, in whole or in part. Id., 128 Pa.Commonwealth Ct. at 245, 563 A.2d at 238. Finally, it is clearly within the referee's fact-finding province to draw reasonable inferences from the evidence. Oscar Mayer & Co. v. Workmen's Compensation Appeal Board (Manzi), 65 Pa.Commonwealth Ct. 514, 442 A.2d 1238 (1982).
In awarding benefits, the referee here chose to accept the claimant's testimony and the testimony of his expert witness, Dr. Stein. We believe that when Dr. Stein's testimony is examined as a whole, the proper conclusion is that his statements are sufficiently unequivocal to support the referee's determination that the claimant met his burden of *469 proving that he suffered a work-related injury resulting in his total disability.
Accordingly, the order of the Board is affirmed.

ORDER
AND NOW, this 13th day of June, 1991, the decision and order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.
NOTES
[1] Act of June 2, 1915, P.L. 736, as amended, 77 P.S. § 411(1).
[2] In its petition for rehearing, the employer alleged that the Board failed to address the following issues:

1) Whether the claimant properly notified the employer of his injury;
2) Whether the referee failed to grant credit to the employer for wage continuation paid to the claimant from October, 1984 to April, 1985; and
3) Whether the referee improperly ordered an award of ongoing total disability compensation when the claimant testified that by March, 1985, he was capable of returning to his pre-injury job.
[3] Our scope of review is limited to determining whether constitutional rights were violated, an error of law was committed, or whether findings of fact were unsupported by substantial evidence. Nesman v. Workmen's Compensation Appeal Board (Welded Constr. Co.), 121 Pa.Commonwealth Ct. 90, 550 A.2d 583 (1988).
[4] Black's Law Dictionary 486 (5th Ed.1979) defines "equivocal" as follows:

Having a double or several meanings or senses. Synonymous with "ambiguous".
[5] We realize that once an employer specifically identifies which allegations it is contesting, such allegations are specifically denied under Section 416 of the Act by "denied" and "proof demanded." 4. Dr. Raymond Stein testified for [sic] Claimant that the flare up of disabling pain in Claimant's back in 1984 was casually [sic] connected to his work injuries in 1964 and 1965. Dr. Stein was of the opinion, and I believe him,
[6] We note that the referee made a finding that the claimant properly notified his employer of his injury when he left work in October, 1984. Our review of the evidence of record reveals this finding to be supported by substantial evidence.