624 A.2d 245

**GATEWAY COAL COMPANY, c/o LTV Steel Company, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (Paul A. BIZIK, Dec'd, Sophia T. Bizik, Widow), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 18, 1992.

Decided March 31, 1993.

502

Raymond F. Keisling, for petitioner.

Anthony J. Kovach, for respondent.

Before SMITH, and KELLEY, JJ., and LORD, Senior Judge.

KELLEY, Judge.

Gateway Coal Company (employer) appeals from an order of the Workmen's Compensation Appeal Board (board) which affirmed the referee's decision granting the fatal claim petition of Sophia T. Bizik (claimant), widow of Paul A. Bizik (decedent), pursuant to section 301(c)(2) of The Pennsylvania Workmen's Compensation Act (Act).[1] We affirm.

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 411.

The referee granted claimant's fatal claim petition determining that claimant had shown that decedent's death was a result of coal worker's pneumoconiosis, or that coal worker's pneumoconiosis was a substantial cause leading to decedent's death. The referee ordered that employer and the Commonwealth of Pennsylvania were responsible for paying compensation to the claimant at a total of $106.00 per week commencing June 27, 1987.

Employer appealed the referee's decision to the board.[2] The board affirmed the referee's decision finding that there was sufficient competent evidence to support the referee's findings. This appeal followed.[3]

Employer argues on appeal that this case does not meet the requirements set forth in *Kusenko v. Republic Steel Corporation,* 506 Pa. 104, 484 A.2d 374 (1984) and *McCloskey v. Workmen's Compensation Appeal Board (J.H. France Refractories, Inc.),* 501 Pa. 93, 460 A.2d 237 (1983), because the opinion of claimant's expert witness that coal worker's pneumoconiosis was the primary cause of decedent's death and a significant contributory factor among the primary causes of decedent's death was speculative and not based on substantial evidence.

The Supreme Court in *Kusenko* reaffirmed the standard to be applied in cases involving death benefits under section 301(c)(2) of the Act initially announced in *McCloskey.* That standard provides:

Where there are multiple causes of death and the immediate cause was non-compensable, the requirements of § 301(c)(2) may be met by a showing with unequivocal medical evidence that the deceased suffered from an occupational disease and

---

**2.** Although the Commonwealth of Pennsylvania participated in the hearings before the referee, it did not submit any independent evidence and did not appeal the referee's decision to the board.

**3.** This court's scope of review is limited to determining if constitutional rights have been violated, an error of law has been made, or necessary findings of fact are not supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America),* 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988).

that it was a substantial, contributing factor among the secondary causes in bringing about death.

*Kusenko,* 506 Pa. at 107, 484 A.2d at 376 (quoting *McCloskey,* 501 Pa. at 101, 460 A.2d at 241).

 Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Mrs. Smith's Frozen Foods Co. v. Workmen's Compensation Appeal Board (Clouser),* 114 Pa.Commonwealth Ct. 382, 388, 539 A.2d 11, 14 (1988). The referee, as fact finder in workmen's compensation cases, has exclusive province over questions of credibility and evidentiary weight, and is free to accept or reject the testimony of any witness, including a medical witness, in whole or in part. *General Electric v. Workmen's Compensation Appeal Board (Valsamaki),* 140 Pa.Commonwealth Ct. 461, 593 A.2d 921 (1991).

With these principles in mind, a review of the entire record in this case reveals that the referee's findings of fact are supported by substantial evidence. *See* Original Record, Claimant's Exhibit 15, Deposition of Dr. Sidney Goldblatt, 4/19/90, Reproduced Record at 114a–61a.

Accordingly, the order of the board is affirmed.

## ORDER

NOW, this 31st day of March, 1993, the order of the Workmen's Compensation Appeal Board, dated March 18, 1992, at No. A91–0066, is affirmed.