636 A.2d 235

**Larry PITT, Esq., Petitioner,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD
(Arnold McEACHIN and SEPTA), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted Sept. 15, 1993.

Decided Dec. 29, 1993.

George D. Walker, Jr., for petitioner.

Anthony Witlin, for respondent, Arnold McEachin.

Before CRAIG, President Judge, and DOYLE, COLINS, PALLADINO, SMITH, PELLEGRINI, FRIEDMAN, JJ.

DOYLE, Judge.

This is an appeal [1] by Larry Pitt, Esquire, from an order of the Workmen's Compensation Appeal Board (Board) affirming a referee's decision which denied him an award for counsel fees.

The relevant facts are as follows. Pitt represented Arnold McEachin (Claimant) in a workmen's compensation matter from September 1988 to April 1990. Claimant signed a contingent fee agreement providing that Pitt would receive 20% of all awarded compensation. In April, 1990, Claimant discharged Pitt and chose a new attorney, Anthony Witlin.

In January 1991, the referee granted Claimant's claim petition and awarded benefits. The referee also awarded counsel fees at Claimant's direction to Witlin in the amount of 20% of benefits awarded to Claimant. Pitt appealed nunc pro tunc the referee's decision and also filed a "Petition for Approval of Counsel Fees Pursuant to Section 501 of the Workmen's

---

1. This case was reassigned to the opinion writer on September 15, 1993, after reargument was granted, and the case was directed to be submitted on briefs to the Court en banc.

Compensation Act"[2] with the Board. The Board remanded the entire matter to the referee for further proceedings and ordered him to issue findings of fact and conclusions of law on payment of attorney's fees and costs. Without taking additional evidence, the referee issued a second opinion affirming his original opinion and stating that "the Worker's Compensation Act is not designed to involve itself in fee disputes between different attorneys representing the Claimant or the Defendant." The Board affirmed this judgment. Pitt appealed and contends that the referee, erred as a matter of law in awarding all attorney fees to one attorney without issuing specific findings of fact distinguishing the amount and degree of difficulty of work by participating counsel.

In this appeal, we address for the first time a question never before presented: Where a claimant fires one attorney and hires another and the referee, in addition to granting the claimant's petition for benefits, awards counsel fees, does the referee also have jurisdiction to decide a fee dispute between the lawyers and may he apportion the counsel fees?

The answer to the question lies in the realization that the only case in controversy that was before the referee to resolve was Claimant's claim petition for compensation under Section 301(c) of the Act.[3] That statutory cause of action carried with it a statutory requirement that the referee approve "all counsel fees, agreed upon *by claimant and his attorneys* for services performed in matters before any referee or the board ... providing the counsel fees do not exceed twenty per centum of the amount awarded."[4] (Emphasis added.) That independent cause of action is distinct from any claim which a discharged lawyer might assert against his former client, or that client's subsequent counsel, over his discharge and replacement. Pitt, before this Court, is not representing a party to the worker's compensation claim and litigation, but himself, litigating in his own interest a cause of action which is either a

**2.** The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. 1021.

**3.** 77 P.S. § 411.

**4.** Section 442 of the Act, 77 P.S. § 998.

common law claim for breach of contract, or a claim on principles of quantum meruit, or an equitable claim for damages under a theory of unjust enrichment.

Under any theory, however, neither the Workmen's Compensation Appeal Board, nor the referee, is vested with authority to adjudicate such an issue, nor does the Board or referee have any particular expertise in this area of the law. Quite the contrary, if Claimant's defense here is that his first attorney, Pitt, breached his duty of professional representation, it places the referee and Board in an area completely foreign to their expertise. Moreover, it is possible that Claimant himself might be obligated to the discharged attorney on grounds totally different from, and perhaps even in conflict with, Pitt's representation of him before the worker's compensation adjudicative tribunals. A client always has the right to discharge a lawyer at any time, with or without cause, but if the reason for the discharge is because counsel would not pursue an imprudent or repugnant objective, or refuses to engage in reprehensible conduct, there could be liability for counsel fees apart from the ordinary considerations in a worker's compensation case. *See* Pennsylvania Rules of Professional Conduct Rule 1.16 (1988). We conclude therefore that Pitt, as a litigant, lacked the direct interest in the subject matter being litigated to confer standing in the resolution of the worker's compensation claim of Claimant. *William Penn Parking Garage Inc. v. City of Pittsburgh*, 464 Pa. 168, 346 A.2d 269 (1975). We strongly suggest that, if at all possible, Pitt's claim for counsel fees should voluntarily be submitted to the appropriate committee of the bar association where all three interested parties could be heard and the dispute resolved expeditiously.

There are as well other major impediments that would deny Pitt standing to litigate his claim for counsel fees in this case. First, Pitt's "appeal nunc pro tunc" was not timely filed. The first opinion of the referee, dated January

15, 1991, was circulated òn January 31, 1991.[5]  Pitt filed his "appeal nunc pro tunc" on April 19, 1991, well beyond the twenty days within which he had to file his "appeal."  *See* Section 423 of the Act, 77 P.S. § 853.  Such a failure is jurisdictional.  *Pittsburgh Moose Lodge No. 46 v. Workmen's Compensation Appeal Board (Grieco, Jr.)*, 109 Pa.Commonwealth Ct. 53, 530 A.2d 982 (1987).

In his "appeal nunc pro tunc" Pitt asserts that the referee failed to forward a copy of the decision to him and that he filed the appeal nunc pro tunc immediately after he became aware of the decision.  On the bottom of the appeal form, where it requires the designation of the "name of [the] party taking [the] appeal (Claimant or Defendant)," Pitt typed in "Claimant," which was clearly a misnomer.  We conclude that the reason Pitt was not sent a copy of the referee's award or was not otherwise notified of the referee's decision was because he was not a *party* in the case, nor did he represent a *party* in the case.  Simply stated, he was not entitled to notice.

At the same time Pitt filed his "appeal nunc pro tunc," he also filed with the Board a "Petition for Approval of Counsel Fees Pursuant to Section 501 [77 P.S. § 1021] of the Worker's Compensation Act."  The Board remanded both the matter of the petition for counsel fees and the appeal nunc pro tunc to the referee "for further proceedings and issuing of findings of fact and conclusions of law on payment of attorney's fees and costs." [6]  The referee, without taking additional evidence, concluded all matters before him by a decision and order dated October 22, 1991, "circulated" October 23, 1991.  However, the

5. The referee's decision and order are dated January 15, 1991, but a computer cover sheet states that the date of "circulation" was January 31, 1991, which we take to mean the date of mailing notice as required under Section 406 of the Act, 77 P.S. § 717, to begin the period of time within which an appeal must be filed.  *See* Section 423 of the Act, 77 P.S. § 853; *Riley Stoker Corp. v. Workmen's Compensation Appeal Board*, 9 Pa.Commonwealth Ct. 533, 308 A.2d 205 (1973).

6. The Board further granted a supersedeas regarding the attorney's fees and costs, and ordered SEPTA to hold all such fees and costs in escrow "until further order by the Referee and this Board."

referee made only three findings of fact in that decision, which essentially stated that he "adopted" his previous findings of fact and conclusions of law from his previous decision of August 30, 1991, *which decision is nowhere in this record.* The referee's order merely denied the "claim for attorney fees by Larry Pitt, Esquire." No other reason or explanation was given by the referee regarding the basis upon which the referee awarded 100% of the 20% counsel fee to attorney Witlin, and nothing to attorney Pitt. The Board, in the appeal by Pitt, merely affirmed the decision of the referee and explained that "nothing in the prior remand order of this Board required that additional hearings be held." Although this answered the only allegation of error raised by Pitt in his second appeal to the Board,[7] it fails completely to articulate any reasoning for the division of the attorney's fee.

With regard to Pitt's separate petition, nowhere under any provision of the Act is a claimant's *former* attorney given statutory leave to file such a petition. Section 501 of the Act is an old carryover provision adopted in 1915 as part of the original workmen's compensation statute and which, for all practical purposes, has been replaced by Section 442 of the Act, 77 P.S. § 998. Technically Section 501 provides a procedure for an attorney to assert an "enforceable lien—against the amount paid as compensation." It requires that the fee agreement be first filed with the Department of Labor and Industry. Nowhere in Pitt's petition is it alleged that he properly filed such an agreement with the Department. Furthermore, there could not be a claim for counsel fees under both Section 442 of the Act, the issue on appeal, *and* under Section 501. Of particular note is the fact that nowhere in Pitt's brief to this Court is Section 501 of the Act even mentioned or obliquely referred to. Of further note is that Pitt's argument on his entitlement to a "reasonable" fee rests entirely on case law dealing with the award of counsel fees against the *employer* for an unreasonable contest under Sec-

---

7. Pitt states in his appeal "the referee failed to hold any hearings or accept any evidence in this matter which was specifically remanded to the referee by the Workmen's Compensation Appeal Board."

tion 440 of the Act, which is an issue not present in this appeal.

In conclusion therefore, we quash Pitt's appeal in this case on the grounds that Pitt lacks standing and because his appeal was untimely filed. Section 423 of the Act, 77 P.S. § 853. Pitt's petition to the Board is likewise quashed for those same basic reasons as well as for the additional reasons stated, *viz.,* that there is no statutory basis for such a petition by a claimant's former counsel and, even assuming there was such a basis, the issue has been abandoned. Pa.R.A.P. 2116; *General Electric Co. v. Workmen's Compensation Appeal Board (Valsamaki),* 140 Pa.Commonwealth Ct. 461, 593 A.2d 921, *petition for allowance of appeal denied,* 529 Pa. 626, 600 A.2d 541 (1991).

## *ORDER*

NOW, December 29, 1993, the petition for review of Larry Pitt, Esquire, in the above-captioned matter is hereby quashed.

FRIEDMAN, Judge, dissenting.

I must dissent. Unlike the majority, I believe that Workmen's Compensation referees have both the authority and the expertise to settle fee disputes between two attorneys who have represented a claimant in the same matter.

Previously, we have held that section 440 of The Pennsylvania Workmen's Compensation Act (Act), 77 P.S. § 996, authorizes referees to determine what constitutes a reasonable fee for purposes of settling fee disputes between claimant and employer. *Eugenie v. Workmen's Compensation Appeal Board (Sheltered Employment Service),* 140 Pa.Commonwealth Ct. 51, 592 A.2d 358 (1991).

We have also held that section 442 of the Act, 77 P.S. § 998, authorizes referees to hear evidence on what constitutes a reasonable fee for purposes of settling fee disputes between claimant and attorney. *Workmen's Compensation Appeal*

*Board (Gilroy) v. General Machine Products Co.,* 24 Pa.Commonwealth Ct. 95, 353 A.2d 911 (1976).

The reasonableness of a fee depends on the amount and difficulty of the work performed. *R.M. Friction Materials Company v. Workmen's Compensation Appeal Board,* 52 Pa.Commonwealth 279, 415 A.2d 965 (1980). Where the referee has not made a finding of reasonableness, the case will be remanded to the referee for specific findings on the amount and difficulty of the work performed. *Donald Spangler t/a Scott & Thomas v. Workmen's Compensation Appeal Board (Ford),* 145 Pa.Commonwealth Ct. 56, 602 A.2d 446 (1992).

Given that Workmen's Compensation referees are vested by statute with the authority to settle fee disputes between claimant and employer and between claimant and attorney, I see no reason why the referee would lack the power to settle fee disputes between multiple attorneys representing the same claimant in an action. The Workmen's Compensation Act is unique in that it directly involves itself in fee dispute resolution. It would be inconsistent with this policy if the referee could not settle a fee dispute between two attorneys.

In addition, referees are particularly well-suited to adjudicate fee disputes between attorneys. Workmen's Compensation referees are keenly aware of the equities in the cases they hear. They are familiar with the facts and issues of their cases and they observe firsthand the respective efforts of the attorneys involved. This expertise should not be wasted. According to the majority, Attorney Pitt's claim is properly a common law claim for breach of contract, a claim on principles of quantum meruit, or an equitable claim for damages under a theory of unjust enrichment. I believe that because of their intimate awareness of the attorney's efforts on a client's behalf, Workmen's Compensation referees are better able than any other body to apply the principles of quantum meruit and adjudicate an equitable claim of damages under a theory of unjust enrichment or a legal claim of damages under a theory of breach of contract.

The majority also suggests that Attorney Pitt's claim should be submitted to the Bar Association's fee dispute committee. I disagree because I firmly believe that referees are legislatively endowed with the power to adjudicate fee disputes in workmen's compensation matters and that they should not be divested of this authority in instances where one claimant was represented by multiple attorneys. The mere fact that two attorneys were involved in this case does not lessen the referee's legislatively recognized ability to adjudicate such disputes, nor does it magically confer greater expertise upon the Bar Association's fee dispute committee.

Moreover, to submit this claim to any forum other than the Workmen's Compensation referee requires that evidence be presented anew and, therefore, is a waste of judicial resources.

I also disagree with the majority that Attorney Pitt's appeal should be quashed on grounds that it was untimely. Section 423 of the Act, 77 P.S. § 853, requires that appeals to the WCAB be taken within twenty days of the date the referee's decision is circulated. However, the same section provides that the WCAB may, "upon cause shown," extend the time within which appeals must be taken. The fact that the referee never sent a copy of his decision to Attorney Pitt was, in my opinion, sufficient cause for the WCAB to extend the time within which Attorney Pitt could appeal the decision.

I would vacate and remand this case for the referee to make specific findings of fact distinguishing the amount and difficulty of work by the attorneys involved, and based on those findings, to award a reasonable fee, limited to a total of twenty percent of Claimant's award, to each attorney involved.

SMITH, J., joins in this dissent.