648 A.2d 361

**Bernard H. WHITE, Esq., Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (Carl DEN-NY, Rosemont Porsche Audi, Inc., Security Insurance Company and Harleysville Insurance Company), Respondents.**

Commonwealth Court of Pennsylvania.

Argued May 9, 1994.

Decided Sept. 14, 1994.

430

---

Bernard H. White, petitioner, in pro. per.
No appearance for respondents.

Before DOYLE and NEWMAN, JJ., and NARICK, Senior Judge.

DOYLE, Judge.

This is an unusual appeal in a workers compensation case which presents an issue regarding the proper fee to be paid to a claimant's first attorney where that attorney voluntarily withdraws his representation and is replaced by succeeding counsel, all with the complete approval of the claimant, the referee, and the claimant's second attorney.

The essential underlying facts reveal that Carl Denny (Claimant) sustained a lower back injury while in the course of his employment on August 16, 1984 and, pursuant to a notice of compensation payable, began to receive temporary total disability payments from the employer's [1] carrier, the Security Insurance Company. On November 26, 1984, Security Insurance filed a termination petition alleging that Claimant was fully recovered from his injury as of October 15, 1984. On December 3, 1984, Claimant retained Attorney Bernard H. White as his counsel. On December 13, 1984, Attorney White entered his appearance and, thereafter, he attended referee hearings and depositions on Claimant's behalf.

On December 11, 1985, Attorney White submitted a petition for payment of attorney's fees which was ostensibly approved by the referee on December 13, 1985, although there is some doubt as to exactly what fee was approved or what was meant to be approved. However, on September 24, 1986, Attorney White withdrew as Claimant's counsel and Richard Senker, Esquire, entered his appearance as Claimant's new counsel. After undergoing back surgery in 1987, Claimant subsequently executed a Final Receipt acknowledging that his disability ceased and terminated on July 2, 1988.

On November 19, 1990, the referee issued his decision which granted the termination petition of Security Insurance as of

1. Claimant's employer was Rosemont Porsche/Audi Inc. (hence-forward, Employer).

432

July 2, 1988. With regard to White's fees, the referee's decision contains the following critical paragraphs:

## FINDINGS OF FACT

21. During proceedings in this matter, *Claimant was represented by Bernard White, Esquire from December 3, 1984 to September 24, 1986.* Beginning on September 24, 1986, Mr. White withdrew his representation and Claimant was represented by Richard Senker, Esquire. *By Order of December 13, 1985, the Referee approved as reasonable Mr. White's request for a counsel fee of 10% of Claimant's compensation* and directed Defendant Security to pay said fee to Mr. White beginning on January 1, 1986.

Based on the credible testimony of Claimant, Mr. White, and Mr. Senker at the hearing of September 24, 1986, the Referee finds that Mr. White is entitled to payment of the unpaid balance of his fee for his services to the Claimant through September 23, 1986 and that after Mr. White has been paid in full for his services, Mr. Senker is entitled to payment based on 20% of Claimant's compensation pursuant to his fee agreement with the Claimant for the services he rendered to Claimant beginning on September 24, 1986 and that payment to Mr. Senker shall be made by deducting 20% of the balance due to Claimant, after first deducting for the balance of Mr. White's fees. Mr. Senker is entitled to be paid at the rate stated above from September 24, 1986, through July 1, 1988, pursuant to a reasonable fee agreement with Claimant which was submitted to the Referee at the hearing of September 24, 1986.

## ORDER

Defendant Security Insurance is hereby ORDERED AND DIRECTED to continue to pay Compensation to Claimant for total disability at the rate of $320.00 per week from August 16, 1984 through July 1, 1988 pursuant to the Notice of Compensation Payable of September 11, 1984 and the provisions of the Act.

Claimant's compensation payments shall terminate as of July 2, 1988.

### CLAIMANT'S COUNSEL FEE AWARD

Pursuant to the Referee's Order of December 13, 1985, Defendant shall deduct 10% from each of Claimant's compensation checks until Mr. White's fee is paid in full *or* until the amount paid to Mr. White is equal to 20% of the Compensation *owed to Claimant from December 11, 1985 (when his representation commenced) to September 24, 1986 (when he withdrew his appearance), whichever occurs first....* (Emphasis added.)

Unfortunately, the referee's decision did not list Attorney White's name for service of copy of the award and Mr. White first learned of the decision when Attorney Senker mailed a copy of the referee's decision to him on November 27, 1990, accompanied with a letter which, *inter alia,* demanded that Attorney White pay him $2,977.71.

Attorney White then appealed the referee' counsel fee award to the Board, challenging the grant of fees from December 11, 1985 to September 26, 1986. He argued that his representation of Claimant commenced on *December 3, 1984,* as found by the referee in Finding of Fact 21, and *not on December 11, 1985* as stated in the "order" part of the award, and, hence, the award was internally inconsistent and should have granted him attorney's fees beginning on the earlier date.

By order dated October 1, 1993, the Board dismissed Attorney White's appeal concluding that he lacked standing because he was neither a party nor counsel for Claimant. The Board also stated that, even if Attorney White had standing, it would affirm the referee's decision because it is based upon substantial evidence. Attorney White now appeals to this Court.

On appeal, Attorney White argues that the Board erred in dismissing his appeal for lack of standing and that the referee's decision is not based upon substantial evidence. He requests that we remand to the Board to change the last

paragraph of the referee's decision to reflect the correct date when his representation of Claimant commenced.

■ We begin our analysis by noting that to have standing a party must, first, have a substantial interest in the subject matter of the litigation, second, that interest must be direct, and third, the interest must be immediate and not a remote consequence. *William Penn Parking Garage v. City of Pittsburgh*, 464 Pa. 168, 346 A.2d 269 (1975).

At the time of the referee's hearing on September 24, 1986, it was established that Attorney White submitted three bills for legal services to Claimant which had been approved by the claimant[2] and that Attorney White began receiving payments on January 1, 1986. It was also established that, as of the September 24, 1986, hearing, Attorney Senker would represent Claimant instead of Attorney White, but that Attorney White was still entitled to be compensated for the work which he had performed. This was agreed upon by everyone on the record.[3] Later, the following exchange took place:

REFEREE CARL LORINE: I will continue your fee until you tell me that the bill has been satisfied ... So if you wish

2. Each of the three bills which Attorney White had attached to his petition carried the legend "I agree to the foregoing fee" and was signed by the client, Carl Denny.

3. At the hearing on September 24, 1986, the following exchange took place (emphasis added):
    REFEREE CARL LORINE: Mr. Denny, is it my understanding that it's your choice to have Mr. Senker represent you rather than Mr. White?
    THE CLAIMANT: Yes, that's correct.
    REFEREE: And do you understand that Mr. Senker intends to charge you an attorney's fee of twenty percent of any Compensation that he gets for you?
    THE CLAIMANT: Yes I do.
    REFEREE: And do you understand that Mr. White is still entitled, as far as I'm concerned, for the work he's done, *for ten percent?*
    THE CLAIMANT: Yes I do; *until his previous bills have been paid in full.*
    REFEREE: What is that going to be? Do you have any idea?
    MR. WHITE: It will take him a year or so.
    REFEREE: Another year?
    THE CLAIMANT: Well, that will be fine with me, sir.
    (Notes of testimony, 9/24/86, at 4–5).

to leave Mr. White, you may leave; and I guarantee you again that your fee will be protected *until your bill is satisfied.*

MR. WHITE: Thank you, your Honor.

. . . .

REFEREE: All right, we'll continue the matter. We will note the appearance of Mr. Senker substituting for Mr. White, with the understanding, of course, that Mr. White will continue to receive ten percent attorney's fees *until such time that he notifies me that his bills have been satisfied.*

MR. SENKER: Your Honor, you asked me to submit a copy of the contingent fee agreement.

REFEREE: As far as I'm concerned, Claimant can't be charged another fee until Mr. White's fee expires. So if you represent him I assume you're doing it gratis.

MR. SENKER: I'm not arguing that point. I'm merely saying that you asked for it and I'm presenting it if you'd like it.

REFEREE: If you would like to introduce it, you may, certainly. (Emphasis added.)

(Notes of testimony, 9/24/86, at 37–8.)

We conclude, first, that the Board erred by dismissing Attorney White's appeal for lack of standing. Attorney White had standing in this matter because he had a direct pecuniary interest in the resolution of Claimant's worker's compensation claim and, as "guaranteed" by the referee, Attorney White was entitled to have his "bills" satisfied in full before Attorney Senker received any payments. This is not a situation involving a fee dispute between two attorneys over the same fee.

Attorney Senker argues, however, that Attorney White does not have standing to appeal because of our recent decision in *Pitt v. Workmen's Compensation Appeal Board (McEachin),* 161 Pa.Commonwealth Ct. 60, 636 A.2d 235 (1993). However, any reliance on *Pitt* is misplaced. *Pitt* involved the separate issue of whether a referee has jurisdiction to decide a fee dispute between lawyers and to apportion the same counsel

fees between them. Concluding that the referee did not have such jurisdiction, we quashed Attorney Pitt's appeal because he lacked standing and his appeal was untimely.

The facts before us now, however, do not deal with the referee's power to decide a fee dispute between a former attorney and a claimant's new attorney and apportion a fee between them. Rather, this dispute involves what the Claimant will pay as a proper fee to his first attorney in defense against an employer's petition to terminate. Here, Attorney White voluntarily withdrew his appearance and was replaced by Attorney Senker who stated, on the record, that he was only to be paid after Attorney White was paid in full. Hence, unlike *Pitt* there was no fee dispute for the referee to decide and the referee made explicit, although inconsistent, findings of fact regarding Attorney White's payment of fees. Further, Attorney Pitt's main claim on appeal was that the referee should not have awarded all counsel fees to the successor attorney but, instead, should have split the same fee between the two attorney's based on their work. Attorney White makes no such claim. In addition, Attorney Pitt never filed a petition for approval of counsel fees until after he was fired as claimant's counsel and after the referee had filed his award. Here, Attorney White filed his petition for counsel fees *while he was still employed as Claimant's counsel,* prior to the referee's final decision, which was granted by the referee on December 13, 1985.

Having determined that Attorney White had standing to appeal, we next must determine whether the referee's decision was supported by substantial evidence. Based on our review of the record, we conclude that the referee's decision[4] is not, as filed, supported by substantial evidence. We agree with Attorney White that his representation of Claimant did not, as stated in the "CLAIMANT'S COUNSEL FEE

---

4. It is always the judgment of the lower court or order of the administrative agency that is appealed, not the opinion or rationale underlying the judgment or order. Pa.R.A.P. 341; *Monnia's Estate,* 270 Pa. 367, 113 A. 550 (1921); *Lengyel v. Frank Black, Jr., Inc.,* 293 Pa. Superior Ct. 297, 438 A.2d 1003 (1981).

AWARD" portion of the referee's decision, commence on December 11, 1985; instead, it is absolutely obvious that such representation commenced on the earlier date, December 3, 1984. We find that any reference to December 11, 1985, is clearly either a clerical or other type of mistake.[5]  Furthermore, there are a few other inconsistencies contained in the referee's award which seem at variance with the record in this case. First, the order itself states:

> Pursuant to the Referee's Order of December 13, 1985, Defendant shall deduct 10% from each of Claimant's compensation checks until Mr. White's fee is paid in full *or* until the amount paid to Mr. White is equal to *20%* of the compensation owed to Claimant from December 11, 1985 (when his representation commenced) to September 24, 1986 (when he withdrew his appearance), *whichever occurs first....* (Emphasis added.)

This order seems to set Attorney White's fee in the alternative; "whichever occurs first" can be read "whichever is less." If this is what the referee intended it is, or it **may be,** at variance with the referee's order of December 13, 1985, wherein, the referee states in his findings, he "approved as reasonable Mr. White's request for a counsel fee of *10%* of Claimant's compensation," not 20% as stated in the Order appealed from.

Second, Attorney White's petition for counsel fees does not request **ANY** percentage, but rather requests at total fixed fee in the amount of $3,408 at an hourly rate of $80 for 42.6 hours from December 3, 1984 until December 9, 1985.

Third, after an examination of the record we found that neither of Attorney White's *two* petitions for counsel fees (July 31, 1985 and December 11, 1985) were a part of the record papers transmitted to this Court by the Board, nor was the referee's order of December 13, 1985 included, despite a communication from this Court to the Board on December 15, 1993 that these items were missing from the record (which is

5. One explanation for this error could be that Mr. White sent a fourth bill to Claimant dated November 13, 1986, which was for "professional services ... commencing December 11, 1985."

why we used the term **"may be"** when referencing the two orders of the referee above).[6]

Finally, Attorney White sent to the Court at our request, **post argument,** copies of his July 31, 1985 and December 11, 1985 petitions for counsel fees, and a copy of the referee's December 13, 1985 order. We recognize that the above documents are not part of the certified record, but, after reviewing them, we are compelled to observe that Attorney White's July 31st rather imprecise petition is not a petition for counsel fees from his client under Section 442 of the Workers' Compensation Act (Act),[7] 77 P.S. § 998, at all, but is, in reality, a petition for counsel fees as a penalty against the employer under Section 440 of the Act, 77 P.S. § 996 (the July 31st petition asks for an order directing *employer's insurer* to pay him $2,208.00 in counsel fees). We also note that attached to the December 11th petition, Attorney White included a copy of his bill for counsel fees which he had sent to Carl Denny for services rendered after that date, from December 11, 1985 through November 13, 1986, for an additional $1,344 (16.8 hours @ $80) which had not been part of his petition, nor, apparently, was it ever seen or approved by the referee. Further, while the December 12, 1985 order granted Attorney White 10% of the Claimant's compensation as a counsel fees, it did not include any of the language contained in the referee's final order regarding the alternative 20% fee. Considering all of the above documents, we simply cannot understand what the referee intended in his final order when he ordered Attorney White's fee to be paid in full or "until the amount

---

**6.** We are exasperated over the failure of the parties and the Board to transmit the entire record to this Court, even after this Court notified the Board that the record was incomplete and, even after the Board notified Attorney White that the documents had not been sent to it from the referee's office. The absence from the record of such critical documents, in particular the order of the referee which is in contention, caused the protraction of the administration of the case and our ability to perform meaningful appellate review. Moreover, we were forced to waste valuable time and resources in an attempt to reconstruct the record from documents in the possession of the parties.

**7.** Act of June 2, 1915, P.L. 736, *as amended.*

paid to Mr. White is equal to 20% of the compensation ... whichever occurs first."

All of the above requires this Court to remand this matter to the Board, with perhaps a further remand to a referee, for clarification of exactly what had been approved as Mr. White's counsel fee and for a subsequent order consistent with the facts in the *complete* record.

Accordingly, we vacate the Board's order and remand with directions to change the counsel fee award to reflect that Attorney White commenced his representation of Claimant on December 3, 1984,[8] and for a further order regarding Mr. White's approved counsel fee.

## ORDER

NOW, September 14, 1994, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby vacated and this case is remanded to the Board with directions to change the counsel fee award to reflect that Bernard H. White, Esquire, commenced his representation of Claimant on December 3, 1984, and for a further order consistent with the foregoing opinion.

Jurisdiction relinquished.

---

8. Attorney White also contended that the referee's decision did not constitute a "reasoned decision" and that the Board erred in failing to correct the referee's decision. However, because of the disposition of this case, we need not reach those issues.