J-A13030-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: ESTATE OF HENRY STEPHENS, DECEASED | : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: RICHARD C. STEPHENS | : : : : | |
| | : : : | No. 2939 EDA 2016 |

Appeal from the Order Entered August 11, 2016
In the Court of Common Pleas of Delaware County
Orphans' Court at No(s):  No. 575 of 2013

BEFORE:   LAZARUS, J., OTT, J. and FITZGERALD, J.*

JUDGMENT ORDER BY OTT, J.:                    **FILED MAY 04, 2017**

Richard C. Stephens, *pro se*, appeals from the order purportedly entered August 11, 2016, in the Court of Common Pleas of Delaware County.  For the following reasons, we quash this appeal as premature without prejudice to Appellant to reinstate this appeal within 30 days of the date the orphans' court enters its final decree.

In the orphans' court, Appellant, proceeding *pro se*, challenged the order of the Register of Wills of January 26, 2016, admitting to probate the Last Will of Henry Stephens, dated June 9, 2010, on the grounds of mistake, forgery, lack of testamentary capacity, and undue influence.  Following a

_____

* Former Justice specially assigned to the Superior Court.

hearing on May 18, 2016, the orphans' court, on August 9, 2016, issued an opinion, stating in the "Conclusion" that "Based on the Petitioner's failure to establish any of his grounds for challenging the Will by clear and convincing evidence, the Petition for Appeal from Register of Wills is denied pursuant to the attached Final Decree." Orphans' Court Opinion, 8/9/2016, at 5. However, **no** final decree is attached to the orphans' court opinion. The orphans' court opinion was docketed August 11, 2016.[1]

On August 22, 2016, Appellant filed a motion for post trial relief,[2] which was denied by the orphans' court order of September 2, 2016, which states Appellant's "Motion is without merit and has no effect on the underlying **Order** of the Court, **see Opinion** of the Court dated August 11, 2016." Decree, 9/2/2016 (emphasis added). However, as already stated, there is no final decree or order that was filed together with, or subsequent to, the orphans' court's opinion. Appellant now brings this appeal from a non-existent "Final Decree entered August 11, 2016."[3]

_____

[1] To the extent that docket entry for August 11, 2016 states "ORDER GIVEN – OPINION SIGNED ON 08/09/16 BY PJ KENNEY," this entry is incorrect since the docketed document is solely an opinion.

[2] The Pennsylvania Orphans' Court Rules do not provide for post trial motions, but, at the relevant time, did provide for exceptions. *See* Pa.O.C. Rule 7.1(a). We note that as of September 1, 2016, "[t]he former exception practice is discontinued …." Pa.O.C. Rule 8.1, Explanatory Comment.

[3] Appellant's Notice of Appeal, 9/16/2016.

Pennsylvania Rule of Appellate Procedure 342(a)(2) states: "An appeal may be taken as of right from the following orders of the Orphans' Court Division: … (2) An **order** determining the validity of a will or trust." Pa.R.A.P. 342(a)(2) (emphasis added). Regarding an appealable order, Rule 301 provides, in relevant part:

> (b) Separate document required. **Every order shall be set forth on a separate document.**
>
> (c) Except as provided in subdivision (a)(2) [which is not applicable herein] a direction of the lower court that a specified judgment, sentence, or other order shall be entered, **unaccompanied by actual entry of the specified order in the docket, does not constitute an appealable order.** Any such order shall be docketed before an appeal is taken.

Pa.R.A.P. 301(b), (c) (emphasis added).

Here, the orphans' court's decree of September 2, 2016, indicates "the underlying Order of the Court" is the "Opinion of the Court dated August 11, 2016." Decree, 9/2/2016. However, as this Court has explained, "an appeal may not be taken from [an] opinion." *Lengyel v. Frank Black, Jr., Inc.*, 438 A.2d 1003, 1003 (Pa. Super. 1981). *See also* Pa.R.A.P. 301(c), *supra*. Consequently, we are without jurisdiction to hear the present appeal.

We recognize that this defective appeal is not attributable to Appellant, but rather to the orphans' court. Accordingly, we quash this appeal as premature without prejudice to Appellant to reinstate this appeal within 30 days of the date the orphans' court enters its final decree.

Appeal quashed without prejudice to Appellant to reinstate this appeal within 30 days of the date the orphans' court enters its final decree.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/4/2017