MICHAEL VEATCH, APPELLEE, V.
AMERICAN TOOL, APPELLANT.
676 N.W.2d 730

Filed April 2, 2004.   No. S-03-889.

Bryan S. Hatch, of Stinson, Morrison & Hecker, L.L.P., for appellant.

Roger D. Moore, of Rehm Bennett Law Firm, P.C., L.L.O., for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, and McCORMACK, JJ.

CONNOLLY, J.

The primary issue is whether we will apply *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993), to workers' compensation cases. A Workers' Compensation Court review panel held that *Daubert* did not apply to the proceedings. Because the Nebraska rules of evidence do not apply in workers' compensation cases, we hold that *Daubert* principles do not apply. We affirm.

## ASSIGNMENTS OF ERROR

American Tool assigns that the district court erred by (1) determining that the receipt of expert testimony in a workers' compensation proceeding is not governed by *Daubert*, (2) determining that the expert testimony had foundation and was relevant, and (3) analyzing the injury as an accident instead of an occupational disease.

## BACKGROUND

In November 1997, the appellee, Michael Veatch, complained of left wrist discomfort while performing duties raking a furnace at American Tool. He was diagnosed with tendonitis and, after some improvement, was released from medical care. In February 1998, Veatch returned to his physician and was diagnosed with recurrent tendonitis. Veatch received workers' compensation benefits for the injury, was placed on light duty, and attended occupational therapy. He returned to his physician in June 1999 with flareups in the left wrist and pain upon flexion, extension, or rotation. X rays showed no evidence of fracture, and Veatch's range of motion was excellent.

In September 1999, following a motor vehicle accident, Veatch was referred to Dr. David P. Heiser. Heiser noted various injuries, including left wrist pain. Veatch later returned to Heiser, complaining of wrist pain that he had experienced for 2 years.

After ordering an MRI, Heiser suspected that Veatch had avascular necrosis instead of tendonitis and referred Veatch to Dr. Richard P. Murphy. Murphy diagnosed the condition as avascular necrosis and performed surgery on Veatch's wrist. Murphy issued an early report stating in one part that in his opinion, the injury was work related, and stating in another that the injury "may be work related." He later issued a report stating: "More likely than not, the diagnosed condition was caused by, significantly contributed or aggravated by [Veatch's] repetitive use of his left wrist in his employment with American Tool." Murphy testified that his opinion had been consistent and that he had changed the wording to make it legally clear. Heiser, however, issued a report stating that he could not state with a reasonable degree of medical certainty that the injury was solely related to Veatch's job at American Tool.

Veatch filed a petition seeking workers' compensation benefits. At trial, American Tool offered evidence that the injury was not work related. This evidence included early x rays that did not show an injury and a bone scan taken after Veatch was injured in the 1999 motor vehicle accident that showed injury. Murphy's deposition testimony, among other things, set out (1) his qualifications as an orthopedic surgeon; (2) his familiarity with avascular necrosis; (3) his opinion that repetitive motion could cause avascular necrosis; and (4) his opinion that based on a reasonable degree of medical certainty, Veatch's injury was work related. He testified that there were different views on the issue, but pointed to an article that stated microtrauma could lead to avascular necrosis and that explained repetitive stress could cause microtrauma. Murphy also did not believe that a 1996 dirt bike accident caused the injury and that he did not need to view notes about Veatch's history to determine the cause of the avascular necrosis. Murphy also explained why the absence of an injury on early x rays did not mean that the injury was not work related.

American Tool objected to Murphy's testimony, pointing to deposition testimony about which Murphy was not fully informed, details of Veatch's employment and medical history, and a lack of studies or information about the role of repetitive motion in causing avascular necrosis. American Tool argued that the testimony lacked foundation, was irrelevant, and was inadmissible under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993). The trial court overruled the motion. The court found for Veatch and concluded that the injury was work related and caused by repetitive trauma. The court concluded that the injury was an accident instead of an occupational disease. American Tool appealed to a review panel of the Workers' Compensation Court, which affirmed. American Tool appeals.

## STANDARD OF REVIEW

■ Under Neb. Rev. Stat. § 48-185 (Cum. Supp. 2002), an appellate court may modify, reverse, or set aside a Workers' Compensation Court decision only when (1) the compensation court acted without or in excess of its powers; (2) the judgment,

order, or award was procured by fraud; (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award; or (4) the findings of fact by the compensation court do not support the order or award. *Swanson v. Park Place Automotive, ante* p. 133, 672 N.W.2d 405 (2003).

In determining whether to affirm, modify, reverse, or set aside a judgment of the Workers' Compensation Court review panel, a higher appellate court reviews the findings of the trial judge who conducted the original hearing. *Brown v. Harbor Fin. Mortgage Corp., ante* p. 218, 673 N.W.2d 35 (2004).

Subject to the limits of constitutional due process, the admission of evidence is within the discretion of the Nebraska Workers' Compensation Court, whose determination in this regard will not be reversed upon appeal absent an abuse of discretion. *Sheridan v. Catering Mgmt., Inc.*, 252 Neb. 825, 566 N.W.2d 110 (1997).

An appellate court is obligated in workers' compensation cases to make its own determinations as to questions of law. *Brown v. Harbor Fin. Mortgage Corp., supra.*

## ANALYSIS

### FOUNDATION AND RELEVANCY OF EXPERT'S OPINION

American Tool contends that the Workers' Compensation Court should have applied *Daubert* to determine the admissibility of expert testimony. It argues that due process requires the use of *Daubert* to determine whether expert testimony is admissible even if the rules of evidence do not apply in a workers' compensation case.

As a general rule, the Nebraska Workers' Compensation Court is not bound by the usual common-law or statutory rules of evidence. Neb. Rev. Stat. §§ 48-168(1) (Reissue 1998) and 27-1101(4)(d) (Reissue 1995); *Sheridan v. Catering Mgmt., Inc., supra.* Subject to the limits of constitutional due process, the Legislature has granted the compensation court the power to prescribe its own rules of evidence and related procedure. § 48-168; *Sheridan v. Catering Mgmt., Inc., supra.*

Before we adopted the *Daubert* standards in *Schafersman v. Agland Coop*, 262 Neb. 215, 631 N.W.2d 862 (2001), we held that due process, not the *Frye* standard, provided the standard for

admitting expert testimony in a workers' compensation case. *Sheridan v. Catering Mgmt., Inc., supra*, citing *Frye v. United States*, 293 F. 1013 (D.C. Cir. 1923). In *Schafersman*, we specifically limited our ruling to those cases where the question was "the admissibility of expert opinion testimony under the Nebraska rules of evidence." 262 Neb. at 232, 631 N.W.2d at 876.

Recently, we determined that *Daubert* does not apply to cases involving the termination of parental rights where the Nebraska rules of evidence do not apply. *In re Interest of Rebecka P.*, 266 Neb. 869, 669 N.W.2d 658 (2003). In reaching that decision, we specifically cited to cases from other jurisdictions holding that *Daubert* does not apply in a workers' compensation case where the rules of evidence do not apply. *In re Interest of Rebecka P., supra*, citing *Mulroy v. Becton Dickinson Co.*, 48 Conn. App. 774, 712 A.2d 436 (1998), and *Armstrong v. City of Wichita*, 21 Kan. App. 2d 750, 907 P.2d 923 (1995).

■ Because the application of *Daubert* standards in Nebraska is limited to cases in which the Nebraska rules of evidence apply, and those rules do not apply in Workers' Compensation Court, we conclude that the *Daubert* standards do not apply in a workers' compensation case. Thus, rather than the formal rules of evidence, admissibility of Murphy's testimony is analyzed under due process.

■ We have stated that in a workers' compensation case, the witness must qualify as an expert and the testimony must assist the trier of fact to understand the evidence or determine a fact in issue. The witness must have a factual basis for the opinion, and the testimony must be relevant. *Sheridan v. Catering Mgmt., Inc.*, 252 Neb. 825, 566 N.W.2d 110 (1997). Expert testimony in a workers' compensation case must be based on a reasonable degree of medical certainty or a reasonable probability. *Berggren v. Grand Island Accessories*, 249 Neb. 789, 545 N.W.2d 727 (1996). An expert opinion in a workers' compensation case based on a mere possibility is insufficient, but the standard also does not require absolute certainty. See *Paulsen v. State*, 249 Neb. 112, 541 N.W.2d 636 (1996). In addressing the admissibility of an expert's opinion in a workers' compensation case, we have stated:

"A qualified expert may not testify without adequate basis for his or her opinions concerning the facts of the case

on which the expert is testifying. Expert testimony should not be received if it appears that the witness is not in possession of such facts as will enable the expert to express a reasonably accurate conclusion, and where the opinion is based on facts shown not to be true, the opinion lacks probative value. [Citation omitted.] The opinion must have a sufficient factual basis so that the opinion is not mere conjecture or guess. [Citation omitted.] Thus, a trial court may exclude an expert opinion because the expert is not qualified, because there is no proper foundation or factual basis for the opinion, because the testimony would not assist the trier of fact to understand the factual issue, or because the testimony is not relevant."

*Sheridan v. Catering Mgmt., Inc.*, 252 Neb. at 832, 566 N.W.2d at 114-15. Despite the foundational and relevancy requirements, due process does not require that the *Daubert* standards be applied. See *id.*

Here, Murphy admitted, and the record shows, that some disagreement exists whether repetitive stress can cause avascular necrosis. Murphy, however, presented medical evidence that microtrauma caused by repetitive motion can cause the condition. Murphy also explained his reasoning for his opinion why other injuries Veatch sustained were not the cause of the avascular necrosis. He further explained why he did not need to review Veatch's medical records and history to reach his determination. After sufficient explanation of his qualifications and reasoning, Murphy stated that it was his opinion to a reasonable degree of medical certainty that the avascular necrosis was caused by Veatch's employment at American Tool. There is some dispute in the record about the role of repetitive trauma in causing avascular necrosis. American Tool disputes that Murphy could give his opinion without reviewing Veatch's medical records. From our review of the record, however, we determine that the court did not abuse its discretion when it determined that Murphy's testimony was relevant and based on proper foundation.

### TREATMENT OF REPETITIVE TRAUMA AS ACCIDENT

American Tool next argues that the workers' compensation court should have treated the injury as an occupational disease instead of an accident.

718

■ We recently refused to overrule precedent holding that repetitive trauma injuries are "accidents" and not "occupational diseases." *Dawes v. Wittrock Sandblasting & Painting*, 266 Neb. 526, 667 N.W.2d 167 (2003). We have held that while such cases have some characteristics of both an accidental injury and an occupational disease, the compensability of a condition resulting from the cumulative effects of work-related trauma is to be tested under the statutory definition of accident. *Id.*

We have reviewed American Tool's argument on this issue and determine it is without merit.

## CONCLUSION

We conclude that *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993), does not apply in a workers' compensation case because the Nebraska rules of evidence do not apply. We further determine that the trial court did not abuse its discretion when it determined that Murphy's testimony was relevant and was made with sufficient foundation. Finally, we conclude that the trial court was correct when it analyzed the injury as an accident instead of an occupational disease.

AFFIRMED.

MILLER-LERMAN, J., not participating.