JOHN H. WELLS, APPELLANT, V. GOODYEAR TIRE
& RUBBER COMPANY, APPELLEE.
707 N.W.2d 438

Filed December 27, 2005. No. A-05-202.

Rolf Edward Shasteen, of Shasteen, Brock & Scholz, P.C., for appellant.

Rod Rehm, of Rehm, Bennett & Moore, P.C., L.L.O., also filing brief and arguing on behalf of the Rehm law firm.

INBODY, Chief Judge, and IRWIN and MOORE, Judges.

MOORE, Judge.

## INTRODUCTION

The present appeal arises out of a workers' compensation action wherein John H. Wells sought compensation for injuries sustained in an accident arising out of and in the course of his employment with Goodyear Tire & Rubber Company (Goodyear). Subsequent to the trial court's award of certain benefits to Wells, a dispute arose over the division of the attorney fee between Wells' first attorneys, Rehm Law Firm, P.C. (the Rehm law firm), and Wells' second attorney, Rolf Edward Shasteen. A series of determinations by the trial court and review panel regarding the attorney fee issue ensued and cul-minated in the present appeal. This appeal has been filed by Shasteen, ostensibly on Wells' behalf. A cross-appeal has been filed by Rod Rehm on behalf of the Rehm law firm. Because we find that the trial court lacked jurisdiction to consider the dispute between the Rehm law firm and Shasteen, this court also lacks jurisdiction to consider the matter on appeal. Accordingly, we dismiss for lack of jurisdiction both the appeal and the cross-appeal.

## BACKGROUND

Wells retained the Rehm law firm to represent him in his workers' compensation case on or about October 25, 1999. A fee agreement or contract was signed which provided that Wells

would pay a sum equal to 22.5 percent of any and all amounts recovered before a hearing and a sum equal to 30 percent of any and all amounts recovered after a hearing. There was nothing in the fee agreement regarding how much, if any, Wells was to pay the Rehm law firm in the event it was discharged as Wells' counsel. Wells was represented by Daniel Fix, an employee of the Rehm law firm, until Fix's resignation from the firm effective February 1, 2000. Wells discharged the Rehm law firm on June 19 and subsequently retained Shasteen to represent him in Wells' workers' compensation case. On September 27, Shasteen filed a petition in the compensation court on Wells' behalf. The trial court entered an award of certain benefits to Wells on March 14, 2002.

Prior to the March 14, 2002, award, the Rehm law firm was given a lien for attorney fees, the amount of which lien was to be determined at a later date. On April 30, the Rehm law firm filed a motion referencing the previously sought lien and seeking "a hearing on said request since negotiations have failed." The Rehm law firm's motion was heard by the trial court on May 24. At the May 24 hearing, the trial court heard testimony from Rehm, Wells, Fix, and Goodyear's attorney and received various exhibits. Because we resolve this appeal on jurisdictional grounds, we need not detail the evidence further.

On May 28, 2002, the trial court ordered Shasteen to pay to the clerk of the Nebraska Workers' Compensation Court the sum of $6,135 and ordered the clerk to hold the sum until further order of the court. On October 15, the court entered an order dividing the $6,135 sum between the Rehm law firm and Shasteen. The court concluded that the Rehm law firm was entitled to a reasonable attorney fee, which it set at $1,250. The court then ordered the clerk to pay out the sum of $1,250 to the Rehm law firm and the sum of $4,885 to Shasteen.

Shasteen, on behalf of Wells, appealed to the review panel the October 15, 2002, order of the trial court. Following a hearing, the review panel entered an "Order of Affirmance in Part and Reversal in Part and Remand in Part on Review" on July 7, 2003. The review panel affirmed the award of the trial court to the extent that it determined that the Rehm law firm was entitled to a reasonable fee, but the review panel reversed the

amount awarded as clearly excessive and remanded for a finding regarding a reasonable attorney fee. No appeal was taken from this order.

The trial court entered an "Order on Remand" on March 30, 2004. The trial court again awarded a fee of $1,250 to the Rehm law firm, finding that such amount was an "equitable distribution of the fee based upon the services performed by each of the lawyers."

Following the trial court's March 30, 2004, order, Shasteen again appealed to the review panel, which entered an "Order of Reversal and Remand on Review" on February 7, 2005. The review panel found that the trial court's findings on remand were contrary to both Nebraska's appellate jurisprudence and the order of the review panel. The review panel again remanded the matter to the trial court with instructions to determine from the existing record both the hours expended and a reasonable hourly rate for the services rendered. Shasteen subsequently perfected his appeal to this court, and Rehm perfected his cross-appeal.

## ASSIGNMENTS OF ERROR

Shasteen generally assigns that the trial court erred in awarding any portion of the attorney fee to the Rehm law firm because it failed to carry its burden of proof establishing the fee as fair, reasonable, and necessary. On cross-appeal, Rehm generally assigns that the review panel abused its discretion in finding the attorney fee awarded to the Rehm law firm by the trial court to be unreasonable.

## STANDARD OF REVIEW

■ The question of jurisdiction is a question of law, upon which an appellate court reaches a conclusion independent of the trial court. *Gabel v. Polk Cty. Bd. of Comrs.*, 269 Neb. 714, 695 N.W.2d 433 (2005).

## ANALYSIS

■ Before reaching the legal issues presented for review, it is the duty of an appellate court to settle jurisdictional issues. *Gabel v. Polk Cty. Bd. of Comrs., supra.* Notwithstanding whether the parties raise the issue of jurisdiction, an appellate court has a duty to raise and determine the issue of jurisdiction

sua sponte. *Macke v. Pierce*, 263 Neb. 868, 643 N.W.2d 673 (2002). When a lower court lacks the authority to exercise its subject matter jurisdiction to adjudicate the merits of a claim, issue, or question, an appellate court also lacks the power to determine the merits of the claim, issue, or question presented to the lower court. *Cummins Mgmt. v. Gilroy*, 266 Neb. 635, 667 N.W.2d 538 (2003).

 As a statutorily created court, the compensation court is a tribunal of limited and special jurisdiction and has only such authority as has been conferred on it by statute. *Hagelstein v. Swift-Eckrich*, 257 Neb. 312, 597 N.W.2d 394 (1999). The Workers' Compensation Court does not have the jurisdiction of a court of equity. *Anthony v. Pre-Fab Transit Co.*, 239 Neb. 404, 476 N.W.2d 559 (1991). The Workers' Compensation Court can only resolve disputes that arise from the provisions of the Nebraska Workers' Compensation Act. *Dawes v. Wittrock Sandblasting & Painting*, 266 Neb. 526, 667 N.W.2d 167 (2003).

The discussion between the trial court and those present at the May 24, 2002, hearing on the Rehm law firm's motion to determine attorney fees reflected a general confusion as to how the motion should be treated by the compensation court. The trial court initially stated: "Okay. To be quite correct, we don't really have [a] plaintiff." During the course of the hearing, a colloquy ensued between the trial court, Rehm, Shasteen, and Goodyear's attorney. The discussion involved the court's having given the Rehm law firm a lien on the attorney fees award and reveals that Goodyear's attorney had issued a check for attorney fees to Shasteen and Wells jointly. Shasteen then deposited the check in his business account. At the May 24 hearing, the discussion turned to where the $6,135 should be held and reflects a general agreement that Shasteen's business account was not the proper place. The trial court initially ordered Shasteen to deposit the money back into Shasteen's trust account and then, after further discussion, ordered Shasteen to pay the money to the clerk of the Workers' Compensation Court. The trial court correctly observed, "It's Mr. Wells' money." See *Sarpy County v. Gasper*, 149 Neb. 51, 30 N.W.2d 67 (1947) (overruling holding in earlier compensation court case that while attorney fees are allowed and awarded to client, they actually belong to attorney; holding that

only when provided for by statute can attorney fees be allowed and taxed as costs and that when provided for by statute, fees are payable to party statute designates).

The power of the Workers' Compensation Court to award attorney fees is derived from Neb. Rev. Stat. § 48-108 (Reissue 2004), which provides as follows:

> No claim or agreement for legal services or disbursements in support of any demand made or suit brought under the Nebraska Workers' Compensation Act shall be an enforceable lien against the amounts to be paid as damages or compensation or be valid or binding in any other respect, unless the same be approved in writing by the judge presiding at the trial or, in case of settlement without trial, by a judge of the Nebraska Workers' Compensation Court. After such approval, if notice in writing be given the defendant of such claim or agreement for legal services and disbursements, the same shall be a lien against any amount thereafter to be paid as damages or compensation. When the employee's compensation is payable by the employer in periodical installments, the compensation court shall fix, at the time of approval, the proportion of each installment to be paid on account of legal services and disbursements.

This court has interpreted § 48-108 as limiting the compensation court's regulation and disbursements matters to those which arise between the injured worker and the attorney representing the injured worker. In *Kaiman v. Mercy Midlands Medical & Dental Plan*, 1 Neb. App. 148, 491 N.W.2d 356 (1992), this court addressed, among other things, the issue of whether a health care insurer who is reimbursed as the result of an injured employee's successful workers' compensation suit is obligated to pay attorney fees to the employee's attorney. The claim in *Kaiman* was brought in the district court. The *Kaiman* court examined the question of jurisdiction and concluded that jurisdiction was properly with the district court rather than the compensation court. In reaching this conclusion, the *Kaiman* court considered the effect of § 48-108 and examined *Dysart v. Yeiser*, 110 Neb. 65, 192 N.W. 953 (1923), *affirmed* 267 U.S. 540, 45 S. Ct. 399, 69 L. Ed. 775 (1925) (first case to construe section essentially identical to present § 48-108). Based on its

examination of *Dysart*, the *Kaiman* court held that § 48-108 limits the Workers' Compensation Court's regulation of attorney fees and disbursements matters to those which arise between the injured worker and the attorney representing the injured worker. The *Kaiman* court observed, under the predecessor to Neb. Rev. Stat. § 48-120 (Reissue 2004), that a health care insurer cannot be a party to the underlying workers' compensation case which, if successful, results in the reimbursement of the health care insurer, nor can it be later joined after a successful result, due to the absolute prohibition of that section. The *Kaiman* court concluded that therefore, § 48-108 does not give the Workers' Compensation Court subject matter jurisdiction to determine whether a health care insurer or a health maintenance organization is obligated to share in the cost of obtaining reimbursement when the injured worker successfully asserts a claim for workers' compensation benefits.

We have found no Nebraska cases directly discussing the issue of whether the compensation court has jurisdiction to consider an attorney fee dispute between an injured party's current attorney and his or her former attorney; however, our research has yielded a case from a Pennsylvania court which addressed the issue. In *Pitt v. W.C.A.B. (McEachin)*, 161 Pa. Commw. 60, 62, 636 A.2d 235, 236 (1993), the appellate court addressed the question: "Where a claimant fires one attorney and hires another and the referee, in addition to granting the claimant's petition for benefits, awards counsel fees, does the referee also have jurisdiction to decide a fee dispute between the lawyers and may he apportion the counsel fees?" The court answered the question in the negative. The applicable Pennsylvania statute considered by the court is similar to Nebraska's § 48-108, but the Pennsylvania statute differs in that it states that the referee is to approve " 'all counsel fees, agreed upon by claimant and his attorneys.' " (Emphasis omitted.) 161 Pa. Commw. at 62, 636 A.2d at 237. The Pennsylvania court stated that the independent cause of action arising under the Pennsylvania statute was distinct from any claim which a discharged lawyer might assert against his former client, or that client's subsequent counsel, over his discharge and replacement. The court further stated that the first attorney in that case was not representing a party to the workers' compensation

claim and litigation but was litigating on his own behalf a cause of action which was a common-law claim for breach of contract, a claim on principles of quantum meruit, or an equitable claim for damages under a theory of unjust enrichment.

As discussed above, this court has previously interpreted § 48-108 as limiting the compensation court's regulation and disbursements matters to those which arise between the injured worker and the attorney representing the injured worker. Also relevant to our consideration of the jurisdictional issue in the present case is Neb. Rev. Stat. § 48-162.03(1) (Reissue 2004), which provides as follows:

> The Nebraska Workers' Compensation Court or any judge thereof may rule upon any motion addressed to the court *by any party to a suit or proceeding*, including, but not limited to, motions for summary judgment or other motions for judgment on the pleadings but not including motions for new trial or motions for reconsideration. Several objects may be included in the same motion, if they all grow out of or are connected with the action or proceeding in which it is made.

(Emphasis supplied.)

In the present case, the Rehm law firm, neither a party to nor at that time representing a party to Wells' proceeding in the compensation court, filed a motion asking the compensation court to determine the attorney fee dispute between the Rehm law firm and Shasteen. Stated another way, the Rehm law firm was asking the compensation court to take money awarded to Wells on his claim and divide the money between individuals who were not parties to that claim.

We conclude that the compensation court did not have jurisdiction to determine the dispute between the Rehm law firm and Shasteen over the division of the attorney fee awarded to Wells in his claim before the compensation court. Nebraska case law interprets § 48-108 as limiting the compensation court's regulation and disbursements matters to those which arise between the injured worker and the attorney representing the injured worker. The dispute in the present case arose not between Wells and Shasteen, but between the Rehm law firm and Shasteen. Further, § 48-162.03(1) grants the compensation court the authority to

hear motions brought only by parties to a suit or proceeding before the court. The Rehm law firm is not a party to a proceeding before the compensation court, nor did it represent a party to such a proceeding at the time it filed its April 30, 2002, motion. We conclude that the compensation court lacked jurisdiction to consider the issue raised by the Rehm law firm's motion. Accordingly, this court lacks jurisdiction to consider the merits of the present appeal and cross-appeal and must dismiss both the appeal and the cross-appeal.

## CONCLUSION

■ Because the trial court lacked jurisdiction to consider the dispute between the Rehm law firm and Shasteen, we dismiss for lack of jurisdiction both the appeal and the cross-appeal. The cause is remanded to the review panel with instructions to direct the trial court both to vacate its orders awarding attorney fees and to dismiss the motion of the Rehm law firm. As a necessary incident to an appellate court's power to determine that it lacks jurisdiction over the merits of an appeal because the order appealed from was entered by a court lacking subject matter jurisdiction and was thus void, an appellate court has the power and duty to vacate the void order and, if appropriate, remand the cause for further proceedings. *State v. Rieger*, 257 Neb. 826, 600 N.W.2d 831 (1999).

APPEAL DISMISSED, AND CAUSE
REMANDED WITH DIRECTIONS.