VICTORIA M. FOSTER, FORMERLY KNOWN AS VICTORIA M.
COLLINS, APPELLANT, V. BRYANLGH MEDICAL CENTER
EAST, A NEBRASKA CORPORATION, APPELLEE.

725 N.W.2d 839

Filed January 12, 2007.    No. S-06-258.

Rolf Edward Shasteen, of Shasteen & Scholz, P.C., for appellant.

Jeffrey A. Silver also filing briefs and arguing on behalf of Victoria M. Foster.

No appearance for appellee.

HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

GERRARD, J.

## NATURE OF CASE

Before going to trial in her workers' compensation case, Victoria M. Foster, formerly known as Victoria M. Collins, discharged her attorney, Rolf Shasteen, and hired a new attorney. Shasteen perfected an attorney's lien in the Workers' Compensation Court pursuant to Neb. Rev. Stat. § 48-108 (Reissue 2004). Represented by a new attorney, Foster tried her case to a single judge of the Workers' Compensation Court. The single judge determined that Foster was entitled to certain benefits and, later, approved a lump-sum settlement.

Shasteen filed a motion with the compensation court to establish the amount of his attorney's lien. The single judge determined that Shasteen had been paid all he was entitled to and declined to award him further attorney fees or costs. Shasteen ultimately appealed to the Nebraska Court of Appeals, which dismissed the appeal, concluding that the Workers' Compensation Court did not have jurisdiction to decide the fee dispute. See *Foster v. BryanLGH Med. Ctr. East*, 14 Neb. App. lxvii (No. A-06-258, May 1, 2006). The issue before this court, on further review, is whether the Workers' Compensation Court has jurisdiction to determine a fee dispute arising out of an attorney's lien perfected under § 48-108. Because we conclude that it does, we reverse the judgment of the Court of Appeals and remand this cause with directions.

## BACKGROUND

Foster retained Shasteen and his law firm to represent her with regard to a workers' compensation claim. Foster signed a fee agreement which provided in pertinent part that Shasteen would receive a one-third contingency fee and reimbursement for costs advanced. While Shasteen was counsel for Foster, he was paid a total of $5,419.37 for attorney fees and costs.

During Shasteen's representation of Foster, Foster was scheduled to have her deposition taken. Foster appeared at the deposition, and the defendant offered $15,000 to settle the case.

Foster initially said she would accept the settlement offer, without having her deposition taken. Approximately 2 months later, Foster discharged the Shasteen firm and rejected the $15,000 proposed settlement. The Shasteen firm then filed a motion to withdraw as counsel and establish an attorney's lien. The single judge of the compensation court entered an order granting the motion to withdraw and allowing the attorney's lien.

Foster hired a second lawyer to replace Shasteen as her attorney. With her new attorney, Foster's case was tried to the single judge. The single judge determined that Foster was entitled to certain indemnity benefits and subsequently approved a lump-sum settlement of $18,000.

Following the single judge's approval of the lump-sum settlement, Shasteen filed a motion to establish the amount of his attorney's lien. The single judge determined that Shasteen had been paid all he was entitled to under his agreement with Foster and declined to award him further attorney fees or costs. Shasteen appealed this decision to the review panel. The review panel reversed, and remanded with directions to the single judge to enter an order of dismissal, concluding that, pursuant to *Wells v. Goodyear Tire & Rubber Co.*, 14 Neb. App. 384, 707 N.W.2d 438 (2005), the Workers' Compensation Court did not have jurisdiction to determine a fee dispute between present and former counsel. Shasteen appealed to the Court of Appeals.

The Court of Appeals, citing *Wells, supra,* dismissed Shasteen's appeal for lack of jurisdiction. Shasteen petitioned this court for further review, which was granted.

## ASSIGNMENTS OF ERROR

Shasteen assigns, consolidated and restated, that the Court of Appeals erred in (1) determining that the Workers' Compensation Court lacked jurisdiction to determine the allocation of an attorney fee between a claimant's former attorney and a claimant's attorney at the time of the hearing and (2) failing to award a lien for additional attorney fees and costs.

## STANDARD OF REVIEW

■ An appellate court is obligated in workers' compensation cases to make its own determinations as to questions of law. *Veatch v. American Tool,* 267 Neb. 711, 676 N.W.2d 730 (2004).

## ANALYSIS

The issue presented in this appeal is whether the Workers' Compensation Court has jurisdiction to enforce an attorney's lien filed under § 48-108 when, at the time of the claimant's award, the attorney seeking enforcement of the lien no longer represents the claimant. We conclude that the Legislature intended the Workers' Compensation Court to have such jurisdiction pursuant to § 48-108.

■ As a statutorily created court, the compensation court is a tribunal of limited and special jurisdiction and has only such authority as has been conferred on it by statute. *Hagelstein v. Swift-Eckrich*, 257 Neb. 312, 597 N.W.2d 394 (1999). The Workers' Compensation Court can only resolve disputes that arise from the provisions of the Nebraska Workers' Compensation Act. *Dawes v. Wittrock Sandblasting & Painting*, 266 Neb. 526, 667 N.W.2d 167 (2003), *disapproved on other grounds, Kimminau v. Uribe Refuse Serv.*, 270 Neb. 682, 707 N.W.2d 229 (2005). The power of the Workers' Compensation Court to resolve attorney fee disputes is derived from § 48-108 which states:

> No claim or agreement for legal services or disbursements in support of any demand made or suit brought under the Nebraska Workers' Compensation Act shall be an enforceable lien against the amounts to be paid as damages or compensation or be valid or binding in any other respect, unless the same be approved in writing by the judge presiding at the trial or, in case of settlement without trial, by a judge of the Nebraska Workers' Compensation Court. After such approval, if notice in writing be given the defendant of such claim or agreement for legal services and disbursements, the same shall be a lien against any amount thereafter to be paid as damages or compensation. When the employee's compensation is payable by the employer in periodical installments, the compensation court shall fix, at the time of approval, the proportion of each installment to be paid on account of legal services and disbursements.

■ In construing a statute, appellate courts are guided by the presumption that the Legislature intended a sensible rather than absurd result in enacting the statute. *Spaghetti Ltd. Partnership v.*

*Wolfe*, 264 Neb. 365, 647 N.W.2d 615 (2002). An appellate court will place a sensible construction upon a statute to effectuate the object of the legislation, as opposed to a literal meaning that would have the effect of defeating the legislative intent. *Keller v. Tavarone*, 265 Neb. 236, 655 N.W.2d 899 (2003). In construing a statute, a court must look to the statutory objective to be accomplished, the evils and mischiefs sought to be remedied, and the purpose to be served, and then must place on the statute a reasonable or liberal construction that best achieves the statute's purpose, rather than a construction that defeats the statutory purpose. *Mathews v. Mathews*, 267 Neb. 604, 676 N.W.2d 42 (2004).

Section 48-108 represents a legislative determination that the Workers' Compensation Court is an appropriate forum for determining fees payable to an attorney for the services rendered while representing the claimant before the Workers' Compensation Court. However, to a previously discharged attorney with a properly filed lien, the protection granted by this statute would be meaningless if the compensation court did not have jurisdiction to enforce his or her lien. In other words, so long as a lien created under § 48-108 remains effective, the compensation court's power to enforce that lien necessarily remains effective as well.

The statute's language does not expressly require that for the compensation court to have the authority to enforce the lien, the attorney seeking enforcement be the claimant's current attorney. Rather, the purpose of the statute is to provide a general mechanism by which an attorney, who has represented a claimant in a workers' compensation action, may secure a lien on the claimant's award to ensure that the attorney receives his or her fees. Under the circumstances presented here, the claimant's relationship with present counsel is necessarily implicated by the dispute. In this case, as in most instances, the fee dispute with former counsel is inextricably related to the issue of fees for the claimant's current counsel.

In short, we conclude that the Legislature did not limit the compensation court's authority to enforce § 48-108 liens to only those cases where the attorney seeking enforcement is presently representing the claimant. It would be illogical to conclude

that the compensation court may determine the fee of a claimant's present counsel, but not that of his prior counsel, particularly where those questions are essentially inseparable. For the Workers' Compensation Court's authority to grant an attorney's lien under § 48-108 to be completely effective, the compensation court must also have the power to enforce the lien, even if the attorney seeking the lien's enforcement is no longer representing the claimant.

The compensation court is also the most sensible venue for such determinations, since the court is aware of the circumstances of each case, is familiar with the facts and issues presented, and observes firsthand the efforts of each attorney involved in the dispute. Given this unique knowledge of the case, the compensation court, as opposed to the district court in a separate action, is in the best position to determine the proper fee to be distributed to respective attorneys.

In sum, we hold that the Workers' Compensation Court has jurisdiction to determine a fee dispute arising out of an attorney's lien perfected pursuant to § 48-108, regardless of whether the attorney seeking enforcement had previously been discharged. By so holding, we disapprove *Wells v. Goodyear Tire & Rubber Co.*, 14 Neb. App. 384, 707 N.W.2d 438 (2005), insofar as it concluded otherwise. Because the compensation court's review panel has not considered the merits of the underlying fee dispute, it is premature for us to consider in this appeal Shasteen's assignment of error regarding the fee amount determined by the single judge.

## CONCLUSION

The Court of Appeals erred in dismissing Shasteen's appeal for lack of jurisdiction. We reverse the decision of the Court of Appeals and remand the matter with directions to remand the cause to the review panel for further proceedings consistent with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.