761 N.W.2d 544 (2009)
277 Neb. 292
Jeffrey L. STUEVE, appellee, and
Robert G. Krafka, appellant,
v.
VALMONT INDUSTRIES, appellee.
No. S-08-397.
Supreme Court of Nebraska.
February 27, 2009.
*546 Robert G. Krafka, of Krafka Law Office, Fremont, pro se.
Jeffrey L. Stueve, pro se.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
MILLER-LERMAN, J.

NATURE OF THE CASE
Appellant attorney Robert G. Krafka challenges two orders entered by a single judge of the Nebraska Workers' Compensation Court as affirmed by the review panel on April 2, 2008. The orders awarded Krafka an attorney's lien on a portion of a workers' compensation award entered in favor of Krafka's client, Jeffrey L. Stueve. Krafka claims that the attorney's lien was insufficient and that the review panel erred in affirming the determinations of the single judge. We reverse the decision of the review panel that affirmed the single judge's rulings, and we remand the cause with directions.

STATEMENT OF FACTS
On June 16, 2003, Krafka entered into an employment contract for legal services with Stueve. The contract stated in relevant part:
As I explained to you, if you wish me to represent you, my fee will be THIRTY-THREE AND ONE-THIRD PERCENT (33 1/3%) of any recovery through the first trial. Any work done for you after the first trial, if it is necessary, shall result in an additional five percent (5%) being charged for appeal.
On June 29 and July 23, 2004, a 2-day trial was held on Stueve's claimed injuries, insured in connection with his employment at Valmont Industries. On December 8, the single judge entered an award in favor of Stueve. The award noted that Stueve was suffering from separate injuries that were caused by separate accidents: (1) bilateral carpal tunnel syndrome and hand-arm vibration syndrome (HAVS) and (2) a shoulder injury that the court described as a "superior labral tear." The court ordered that for these injuries, along *547 with certain medical expenses, Stueve should be compensated as follows: (1) from June 20 through November 7, 2003, temporary indemnity payments for the bilateral carpal tunnel syndrome and HAVS in the amount of $391.79 per week and a concurrent temporary indemnity payment of $95.21 per week for the shoulder injury, and (2) from November 8, 2003, forward, through the period of temporary total disability for the shoulder injury, temporary total indemnity payments of $391.79 per week for the shoulder injury and a concurrent payment of $95.21 per week permanent partial indemnity for the bilateral carpal tunnel syndrome and HAVS. The court found that the total permanent indemnity payable for the bilateral carpal tunnel syndrome and HAVS was $47,602.49. Krafka contends that, given this award, it is likely that Stueve will receive future payments for his shoulder injury, but that the amount of these payments is unknown.
At a hearing, on December 7, 2006, Krafka filed a motion to withdraw as counsel for Stueve and new counsel entered an appearance. According to Krafka, the parties terminated their engagement due to a difference of opinion that is not relevant to this appeal.
On January 12, 2007, the single judge held a hearing on the attorney fees due Krafka. At that hearing, Stueve indicated that Krafka was entitled to one-third of the $47,602.49 permanent indemnity award. Krafka testified that this was a complicated case and that his records indicated that he had incurred around $90,000 in attorney fees representing Stueve.
On February 7, 2007, the single judge entered an order on the issue of attorney fees. In his order, the single judge noted that Krafka sought a full fee based on the contingency fee agreement, but did not complete all of the work in Stueve's case. The single judge noted that various matters were still pending, including employer Valmont Industries' January 24, 2007, application to modify the December 8, 2004, award, motions regarding Stueve's entitlement to medical care, and an outstanding determination as to the status of Stueve's shoulder injury as either being temporarily totally disabled or reaching permanent indemnity.
Balancing these considerations, the single judge evaluated Krafka's lien under the doctrine of quantum meruit and stated:
The Court evaluates ... Krafka's lien for future attorney's fees pursuant to quantum meruit doctrine and finds ... Krafka is entitled to an attorney's fee against future temporary total indemnity payments provided by the award. However, there are pending motions regarding entitlement to medical care and now, defendant's application to modify the award. Upon a change of [Stueve's] status  i.e., ... Stueve continues to be temporarily totally disabled but pursuant to a surgery subsequent to this order, he reaches maximum medical improvement and then becomes entitled to temporary total indemnity during a period of vocational rehabilitation or reaches maximum medical improvement and becomes entitled to permanent indemnity  ... Krafka's entitlement to an attorney's fee will terminate, upon motion of [Stueve] and order of the Court.
IT IS THEREFORE ORDERED that ... Krafka has a lien for services provided equal to one-third of the temporary total indemnity payable pursuant to the Award of December 8, 2004, as provided above. Indemnity payments shall continue to ... Krafka and ... Stueve through ... Krafka's office.... Krafka is further entitled to reimbursement of expenses in the amount of $864.55 which will be payable upon final *548 settlement of [Stueve's] claim and further order of the Court.
On February 12, 2007, Krafka appealed this order to the review panel. On September 14, the review panel entered an order of remand on review. In that order, the review panel noted that the December 8, 2004, award provided for both the payment of temporary total indemnity payments and permanent indemnity payments for member injuries, but that in the February 7, 2007, order on attorney fees, the single judge made no mention of an attorney's lien in favor of Krafka on the award of permanent indemnity benefits. The panel found that the action should be remanded to the single judge for additional findings with respect to an attorney's lien in favor of Krafka on the award of permanent indemnity benefits.
On remand, the single judge entered an order on November 1, 2007, containing rulings relevant to this appeal, but did not include an award to Krafka of additional fees. On November 2, Krafka appealed this decision for a second review hearing by a three-judge panel. On April 2, 2008, the review panel affirmed the November 1, 2007, order, concluding that because the November 1 order on remand was not clearly wrong, it should be affirmed. Krafka appeals the review panel's order.

ASSIGNMENTS OF ERROR
Krafka lists 11 assignments of error, which we combine for analysis. Krafka assigns, restated, that the review panel erred in affirming the single judge's November 1, 2007, order, Krafka claims that the single judge erred by (1) not placing a one-third attorney's lien upon the permanent indemnity award of $47,602.49, (2) not awarding Krafka any potential attorney fees derived from a future award that Stueve would receive as the result of work completed by Krafka, and (3) not holding a hearing and making a further finding that attorney fees will be due for the permanent indemnity injury as the single judge was instructed to do by the review panel's order of remand.

STANDARDS OF REVIEW
Pursuant to Neb.Rev.Stat. § 48-185 (Reissue 2008), an appellate court may modify, reverse, or set aside a Workers' Compensation Court decision only when (1) the compensation court acted without or in excess of its powers; (2) the judgment, order, or award was procured by fraud; (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award; or (4) the findings of fact by the compensation court did not support the order or award. Stacy v. Great Lakes Agri Mktg., 276 Neb. 236, 753 N.W.2d 785 (2008). In determining whether to affirm, modify, reverse, or set aside a judgment of the Workers' Compensation Court review panel, a higher appellate court reviews the findings of fact of the single judge who conducted the original hearing; the findings of fact of the single judge will not be disturbed on appeal unless clearly wrong. Id. An appellate court is obligated in workers' compensation cases to make its own determinations as to questions of law. See Powell v. Estate Gardeners, 275 Neb. 287, 745 N.W.2d 917 (2008).

ANALYSIS
As an initial matter, we note that although Krafka states as the basis for appellate jurisdiction that he is appealing the single judge's order of November 1, 2007, denying him additional attorney fees, it is clear that he is appealing the review panel's order of April 2, 2008, affirming the November 1, 2007, order.
On appeal, Krafka claims that the single judge did not comply with the review panel's *549 September 14, 2007, order remanding the case and directing the single judge to make additional findings with respect to a lien in favor of Krafka on the permanent indemnity benefits. Krafka notes that the initial single-judge December 8, 2004, award of payments to Stueve discusses two permanent indemnities: (1) the permanent award of $47,602.49 for carpal tunnel syndrome and HAVS and (2) a potential award of future damages to Stueve for his shoulder injury. Krafka complains that the single judge's November 1, 2007, order on remand does not make findings or order an attorney's lien with respect to either of these amounts.
As a statutorily created court, the Workers' Compensation Court is a tribunal of limited and special jurisdiction and has only such authority as has been conferred on it by statute. Foster v. BryanLGH Med. Ctr. East, 272 Neb. 918, 725 N.W.2d 839 (2007). The power of the Workers' Compensation Court to resolve attorney fee disputes is derived from Neb. Rev.Stat. § 48-108 (Reissue 2008), which allows the compensation court to enter a lien "against any amount thereafter to be paid as damages or compensation." In Foster, we stated that the Workers' Compensation Court was an appropriate forum for determining fees payable to a claimant's current or prior attorney for services that the attorney rendered while representing the claimant before the court.
In this case, in its order of February 7, 2007, the single judge awarded Krafka "a lien for services provided equal to one-third of the temporary total indemnity payable pursuant to the Award of December 8, 2004[and] $864.55 which will be payable upon final settlement of [Stueve's] claim and further order of the Court." On appeal of this order, the review panel noted that the single judge had not addressed any award of permanent indemnity benefits in connection with the attorney's lien issue and, therefore, remanded the case for the single judge to do so.
On remand, the single judge did not alter his initial award, but, in his order of November 1, 2007, stated by way of clarification:
As the review panel noted, ... Stueve does not contest the payment of fees on the permanent indemnity already paid... Krafka for the member impairment rating. Therefore, I made no finding regarding entitlement to a lien by ... Krafka for fees already paid. If it was the review panel's intention that collection of those fees by ... Krafka be approved by the Court, I do so by this order. The fact of the matter is that the attorney's fees payable for the member injury were long ago paid ... Krafka and ... Stueve had no objection to payment.
The single judge's order on remand, however, did not elaborate on when the permanent indemnity payments for the member injury were "long ago paid" to Krafka, and in what amount, or address any future payments for the shoulder injury and their relevance to the claimed attorney's lien. Nevertheless, the review panel found, in an order filed on April 2, 2008, that because the November 1, 2007, order on remand was not clearly wrong, it should be affirmed. The review panel further stated that "[s]ince [the single judge] has now complied with the order of this review panel of September 14, 2007, the review panel further finds the order of [the single judge] of February 7, 2007, as now expanded by his order of [November 1, 2007], should also be affirmed."
As elaborated below, we conclude that the review panel's April 2, 2008, order affirming the single judge's November 1, 2007, order on remand is not reasoned, is *550 not supported by the facts, and requires reversal. The November 1 order did not clarify the attorney fee award, as the single judge had been directed to do by the review panel in the review panel's order remanding the case. We, therefore, reverse the review panel's order and remand the cause with directions to determine an award of attorney fees due Krafka.
Krafka and Stueve signed a contingency fee agreement that awarded Krafka one-third of any amount recovered by Stueve. However, Krafka was terminated from representing Stueve before the completion of the action before the Workers' Compensation Court. In Baker v. Zikas, 176 Neb. 290, 125 N.W.2d 715 (1964), we held that when an attorney's services are terminated prior to the completion of representation, the attorney is entitled to the reasonable value of his or her services rendered up to the time of termination.
More recently in Hauptman, O'Brien v. Turco, 273 Neb. 924, 735 N.W.2d 368 (2007), this court explained that an attorney fee contract is not enforceable in the absence of a showing that the amount of the claimed fee is reasonable. In making this determination, we reasoned that "an attorney fee agreement is different from conventional commercial contracts.... [A]n attorney may not recover for services rendered if those services are rendered in contradiction to the requirements of professional responsibility and are inconsistent with the character of the profession." Id. at 930, 735 N.W.2d at 373. Therefore, when determining a satisfactory fee for services, the primary inquiry is reasonableness.
In Turco, we explained that the Code of Professional Responsibility, which was in effect when the legal services in this case were performed, enumerated eight factors to be considered as guides in determining the reasonableness of the fee. See Code of Professional Responsibility, Canon 2, DR 2-106(B). The Nebraska Rules of Professional Conduct, which are currently in effect, list the same eight factors in determining reasonableness. See Neb. Ct. R. of Prof. Cond. § 3-501.5. The factors include
(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
(3) the fee customarily charged in the locality for similar legal services;
(4) the amount involved and the results obtained;
(5) the time limitations imposed by the client or by the circumstances;
(6) the nature and length of the professional relationship with the client;
(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
(8) whether the fee is fixed or contingent.
Id.
Based on this jurisprudence, and the record before us, we conclude that Krafka is entitled to a reasonable amount for the services he rendered while representing Stueve before the Workers' Compensation Court. See Foster v. BryanLGH Med. Ctr. East, 272 Neb. 918, 725 N.W.2d 839 (2007). The value of an attorney's services is ordinarily a question of fact. Hauptman, O'Brien v. Turco, supra. Here, the evidence offered by Krafka established that Krafka and Stueve signed a contingent fee contract agreeing that Krafka would receive one-third of any award in favor of Stueve; that Krafka estimated he incurred the equivalent of $90,000 working on Stueve's case; and that during the pendency *551 of this contract Stueve was awarded at a minimum $47,602.49 for his carpal tunnel syndrome and an undetermined amount of future payments for his shoulder injury. There is not a clear record of the amount Krafka has been paid to date in connection with existing awards. Further, there is not a clear order determining either the amount or the method by which Krafka is to be paid in connection with a future award, the very existence of which is due to Krafka's services.
Given the record and applicable law, we conclude that Krafka is due one-third of the amount Stueve was awarded up to the date Krafka was discharged, minus the amount Krafka has been paid to date, and a reasonable amount of any future amount Stueve will recover on his shoulder injury as a result of the December 8, 2004, order. With respect to the latter, the record shows that any award Stueve receives for his shoulder injury is effectively due to Krafka's work. In determining a reasonable amount on any future award for the shoulder injury, the Workers' Compensation Court shall use the factors out-lined in this opinion and found in the Code of Professional Responsibility as now included in the Nebraska Rules of Professional Conduct.

CONCLUSION
The review panel order of April 2, 2008, affirming the November 1, 2007, order of the single judge is reversed. The cause is remanded to the review panel to remand the matter to the single judge with directions to hold a hearing to determine the amount Krafka has been paid and the amount still owed to him, consistent with this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.