DARREL KIMMINAU, APPELLANT, V. URIBE REFUSE SERVICE AND EMC INSURANCE COMPANY, ITS WORKERS' COMPENSATION INSURANCE CARRIER, APPELLEES.

707 N.W.2d 229

Filed December 2, 2005.   No. S-05-012.

Eric B. Brown and Ellen A. Pillar, of Atwood, Holsten & Brown Law Firm, P.C., L.L.O., for appellant.

Timothy E. Clarke, of Baylor, Evnen, Curtiss, Grimit & Witt, L.L.P., for appellees.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

Gerrard, J.

## BACKGROUND

The claimant, Darrel Kimminau, was employed as a garbage hauler by Uribe Refuse Service (Uribe) for approximately 10 years before suffering a repetitive trauma injury to his left shoulder that left him with a 20-percent impairment to his left upper extremity. Uribe was directed by the single judge of the Workers' Compensation Court to pay medical expenses incurred in the treatment of the injury, and the review panel of the Workers' Compensation Court additionally directed Uribe to provide future medical care for the injury. Neither the compensability of Kimminau's injury nor the benefits awarded are at issue in this appeal.

Rather, the issue in this appeal is the Workers' Compensation Court's power to order Uribe to directly reimburse Kimminau's health insurance carrier. The single judge directed Uribe to pay for Kimminau's medical expenses, and Kimminau asked that his health insurance carrier be directly reimbursed. The single judge, however, declined to do so, citing this court's decision in *Dawes v. Wittrock Sandblasting & Painting*, 266 Neb. 526, 667 N.W.2d 167 (2003). The review panel affirmed that determination. Kimminau timely appealed, and we granted his petition to bypass the Nebraska Court of Appeals.

## ASSIGNMENT OF ERROR

Kimminau assigns, restated, that the Workers' Compensation Court erred in relying on *Dawes, supra*, in declining to order Uribe to reimburse Kimminau's health insurance carrier for medical payments it made relating to his compensable injury.

## STANDARD OF REVIEW

■ Pursuant to Neb. Rev. Stat. § 48-185 (Reissue 2004), an appellate court may modify, reverse, or set aside a Workers' Compensation Court decision only when (1) the compensation court acted without or in excess of its powers; (2) the judgment, order, or award was procured by fraud; (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award; or (4) the findings of fact by the compensation court do not support the order or award. *Vega v. Iowa Beef Processors, ante* p. 255, 699 N.W.2d 407 (2005).

## ANALYSIS

The issue presented in this appeal requires this court to address the apparent conflict between this court's opinion in *Dawes, supra,* and Neb. Rev. Stat. § 48-120(8) (Reissue 2004). In *Dawes,* one of the issues presented to this court was whether the Workers' Compensation Court had erred in directing the claimant's employer to directly reimburse the claimant's health insurance carrier for medical and hospital expenses paid by the insurer on the claimant's behalf. Addressing the issue as one of subrogation, this court held that the Workers' Compensation Court did not have general equitable jurisdiction and did not have jurisdiction to resolve contractual disputes between employees and third-party insurers; thus, we concluded that the Workers' Compensation Court did not have jurisdiction to determine the insurer's subrogation interest in the claimant's workers' compensation award. However, the parties did not rely upon, and this court did not discuss, the effect of § 48-120(8), which provided:

> The Nebraska Workers' Compensation Court shall order the employer to make payment directly to the supplier of any services provided for in this section or reimbursement to anyone who has made any payment to the supplier for services provided in this section. No such supplier or payor may be made or become a party to any action before the compensation court.

We note that § 48-120(8) was amended by 2005 Neb. Laws, L.B. 238, but those changes are stylistic and not pertinent to this appeal.

In the absence of anything to the contrary, statutory language is to be given its plain and ordinary meaning. *Rauscher v. City of Lincoln,* 269 Neb. 267, 691 N.W.2d 844 (2005). The plain language of § 48-120(8), while not affording the Workers' Compensation Court with jurisdiction to resolve every disagreement that may arise with respect to the rights and obligations of a third-party insurer, does clearly provide that the Workers' Compensation Court shall order an employer to directly reimburse medical care providers and medical insurers for the reasonable medical, surgical, and hospital services supplied to a workers' compensation claimant pursuant to § 48-120. *Dawes v.*

*Wittrock Sandblasting & Painting*, 266 Neb. 526, 667 N.W.2d 167 (2003), is disapproved to the extent that its holding conflicts with the express provisions of § 48-120(8).

Kimminau's assignment of error in this appeal has merit. Although we recognize that the Workers' Compensation Court acted in good faith reliance on our decision in *Dawes*, we must remand this cause for further proceedings pursuant to § 48-120(8).

We take this opportunity to comment on the Workers' Compensation Court's response to the situation presented by this case. The single judge and majority of the review panel, while noting the provisions of § 48-120(8), nonetheless reasoned that *Dawes* was controlling. The dissenting member of the review panel, while respectfully acknowledging *Dawes*, concluded that § 48-120(8) governed the issue. The principled but candid decisions of the single judge and majority of the review panel, and the respectful disagreement of the review panel dissenter, are fine examples of the judicial system working at its best—with civility, collegiality, and professionalism.

## CONCLUSION

For the foregoing reasons, the decision of the review panel affirming in part the order of the single judge is reversed and the cause is remanded to the Workers' Compensation Court for further proceedings consistent with this opinion.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.