Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
01/14/2020 09:06 AM CST

- 933 -

Nebraska Court of Appeals Advance Sheets
27 Nebraska Appellate Reports
MARTINEZ v. INTERNATIONAL PAPER CO.
Cite as 27 Neb. App. 933

Jose Martinez, appellee, v. International Paper
Company, a foreign corporation,
and Old Republic Insurance
Company, appellants.

___ N.W.2d ___

Filed January 7, 2020.    No. A-19-409.

1. **Workers' Compensation: Appeal and Error.** A judgment, order, or award of the Workers' Compensation court may be modified, reversed, or set aside only upon the grounds that (1) the compensation court acted without or in excess of its powers; (2) the judgment, order, or award was procured by fraud; (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award; or (4) the findings of fact by the compensation court do not support the order or award.

2. ____: ____. Determinations by a trial judge of the compensation court will not be disturbed on appeal unless they are contrary to law or depend on findings of fact which are clearly wrong in light of the evidence.

3. ____: ____. On appellate review, the factual findings made by the trial judge of the compensation court have the effect of a jury verdict and will not be disturbed unless clearly wrong.

4. ____: ____. An appellate court is obligated in compensation court cases to make its own determinations as to questions of law.

5. **Courts: Appeal and Error.** Under the doctrine of stare decisis, lower courts must follow the precedent of higher appellate courts.

6. **Workers' Compensation: Proof.** Under Neb. Rev. Stat. § 48-151(2) (Reissue 2010), an injured worker must satisfy three elements to prove an injury is the result of an accident: (1) The injury must be unexpected or unforeseen, (2) the accident must happen suddenly and violently, and (3) the accident must produce at the time objective symptoms of injury.

7. **Workers' Compensation: Time: Proof: Words and Phrases.** Under Neb. Rev. Stat. § 48-151(2) (Reissue 2010), "suddenly and violently"

- 934 -

Nebraska Court of Appeals Advance Sheets
27 Nebraska Appellate Reports
MARTINEZ v. INTERNATIONAL PAPER CO.
Cite as 27 Neb. App. 933

does not mean instantaneously and with force; instead, the element is satisfied if the injury occurs at an identifiable point in time, requiring the employee to discontinue employment and seek medical treatment. The time of an accident is sufficiently definite if either the cause is reasonably limited in time or the result materializes at an identifiable point.

8. **Workers' Compensation: Time: Proof.** An employee establishes an identifiable point in time when a repetitive trauma injury occurs if the employee discontinues work and seeks medical treatment; it does not matter how long the discontinuation of employment lasts.

9. **Workers' Compensation.** As the trier of fact, the compensation court is the sole judge of the credibility of witnesses and the weight to be given their testimony.

Appeal from the Workers' Compensation Court: Daniel R. Fridrich, Judge. Affirmed.

Timothy E. Clarke and Eric J. Sutton, of Baylor Evnen, L.L.P., for appellants.

Jamie Gaylene Scholz, of Law Offices of Jamie G. Scholz, P.C., L.L.O., for appellee.

Pirtle, Riedmann, and Welch, Judges.

Riedmann, Judge.

## INTRODUCTION

International Paper Company and Old Republic Insurance Company (collectively International Paper) appeal the Nebraska Workers' Compensation Court's award, finding that Jose Martinez suffered a repetitive trauma injury and awarding him benefits. Based on our review of the record, we affirm.

## BACKGROUND

In February 2018, Martinez filed a petition in the compensation court seeking benefits from International Paper under the Nebraska Workers' Compensation Act. Martinez alleged that he sustained an injury to his right shoulder by performing "repetitive use-type activities" and that he "suffered an acute episode of pain in his right shoulder a few weeks prior to

- 935 -

Nebraska Court of Appeals Advance Sheets
27 Nebraska Appellate Reports
MARTINEZ v. INTERNATIONAL PAPER CO.
Cite as 27 Neb. App. 933

interrupting his employment and seeking medical treatment on November 9, 2017." A hearing was held on Martinez' petition in February 2019.

At the hearing, Martinez testified that he was currently employed at International Paper Company and had worked for the company for more than 19 years. He indicated that he developed shoulder pain in 2008, but he did not miss work due to the pain—although the pain was consistent and worsening from 2008 until 2017. On November 8, 2017, Martinez felt a sharp pain in his right shoulder, his right arm "locked," and he could not move it. He indicated that the pain he experienced was worse than previous pain and that it prevented him from even lying on his shoulder that night. Martinez testified that his shoulder had locked in place before November 8, but it always loosened up; however, on that occasion, it did not.

Martinez informed his supervisor before his shift the next day that he could not work, and he was taken to see a doctor on November 9, 2017. He underwent an MRI that same day, and it was discovered that he had a tear of his right rotator cuff. Following this, he returned to work at International Paper Company, but was placed on "lighter-duty work." Martinez met with Dr. Scott Reynolds in December, and it was decided that Martinez would undergo surgery to repair his rotator cuff. Reynolds performed the surgery in January 2018, and then Martinez underwent physical therapy, returning to work in April.

On cross-examination, Martinez testified that he started feeling pain in his shoulder in 2008 and that his pain continued to get worse until he saw Reynolds in November 2017. He testified that he had felt locking and limitations in movement in his arm prior to the incident on November 8, but the pain was severe enough on that date that he needed to see a doctor. Martinez admitted to seeing his family physician in September 2017 for his annual physical. At that appointment, he informed his doctor that he was having pain in his

- 936 -

Nebraska Court of Appeals Advance Sheets
27 Nebraska Appellate Reports
MARTINEZ v. INTERNATIONAL PAPER CO.
Cite as 27 Neb. App. 933

shoulder. Martinez was also questioned regarding prior intake forms he filled out in November and December, as well as prior to his physical therapy in January 2018. On each form, he indicated that he had been having shoulder pain for a long period of time and that there was not a specific injury that occurred prior to his visits.

Following the hearing, the compensation court issued a detailed order awarding Martinez temporary and permanent disability benefits for his shoulder injury. The court noted that Martinez advanced two alternate theories of recovery during trial, one alleging that an acute accident happened on November 8, 2017, and one alleging that his shoulder injury was the result of repetitive job duties, which manifested itself on November 9. The court found that Martinez did not suffer an acute accident on November 8; however, it did find that Martinez suffered a repetitive trauma accident on November 9. Prior to analyzing Martinez' repetitive trauma injury, the court explained the relevant case law for that type of injury and analyzed Martinez' injury under the test enunciated in *Dawes v. Wittrock Sandblasting & Painting*, 266 Neb. 526, 667 N.W.2d 167 (2003), *disapproved on other grounds, Kimminau v. Uribe Refuse Serv.*, 270 Neb. 682, 707 N.W.2d 229 (2005). The court also noted that there were discrepancies between Reynolds' causation report, which was offered into evidence at the hearing, and Martinez' testimony; however, the court remained persuaded by the report and issued an award in favor of Martinez. International Paper timely appealed.

## ASSIGNMENTS OF ERROR

International Paper assigns, restated and reordered, that the compensation court erred (1) as a matter of law in applying the test enunciated in *Dawes v. Wittrock Sandblasting & Painting, supra*, rather than the limited test provided in *Maxson v. Michael Todd & Co.*, 238 Neb. 209, 469 N.W.2d 542 (1991), *disapproved, Jordan v. Morrill County*, 258 Neb. 380, 603 N.W.2d 411 (1999), and *Vencil v. Valmont Indus.*, 239 Neb. 31, 473 N.W.2d 409 (1991), *disapproved, Jordan*

- 937 -

Nebraska Court of Appeals Advance Sheets
27 Nebraska Appellate Reports
MARTINEZ v. INTERNATIONAL PAPER CO.
Cite as 27 Neb. App. 933

*v. Morrill County, supra*; (2) in concluding that Martinez suffered a compensable repetitive trauma injury arising out of and in the course and scope of his employment; and (3) in relying on Reynolds' causation opinion.

## STANDARD OF REVIEW

[1] A judgment, order, or award of the compensation court may be modified, reversed, or set aside only upon the grounds that (1) the compensation court acted without or in excess of its powers; (2) the judgment, order, or award was procured by fraud; (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award; or (4) the findings of fact by the compensation court do not support the order or award. *Potter v. McCulla*, 288 Neb. 741, 851 N.W.2d 94 (2014).

[2,3] Determinations by a trial judge of the compensation court will not be disturbed on appeal unless they are contrary to law or depend on findings of fact which are clearly wrong in light of the evidence. *Kaiser v. Metropolitan Util. Dist.*, 26 Neb. App. 38, 916 N.W.2d 448 (2018). On appellate review, the factual findings made by the trial judge of the compensation court have the effect of a jury verdict and will not be disturbed unless clearly wrong. *Id*.

[4] An appellate court is obligated in compensation court cases to make its own determinations as to questions of law. *Larsen v. D B Feedyards*, 264 Neb. 483, 648 N.W.2d 306 (2002).

## ANALYSIS

*Appropriate Test for Repetitive*
*Trauma Injuries.*

International Paper argues that the compensation court erred in analyzing Martinez' repetitive trauma injury under the test enunciated by the Nebraska Supreme Court in *Dawes v. Wittrock Sandblasting & Painting, supra*. International Paper alleges Martinez' injury should have been analyzed under the test prior to *Dawes*, which was provided in *Maxson*

- 938 -

Nebraska Court of Appeals Advance Sheets
27 Nebraska Appellate Reports
MARTINEZ v. INTERNATIONAL PAPER CO.
Cite as 27 Neb. App. 933

*v. Michael Todd & Co., supra*, and *Vencil v. Valmont Indus., supra*. We disagree.

To adequately address International Paper's argument, we will first briefly describe the relevant case law surrounding repetitive trauma injuries and lay out how the Supreme Court has addressed such complaints.

In 1991, the Supreme Court decided *Maxson v. Michael Todd & Co., supra*, and *Vencil v. Valmont Indus., supra*, both of which addressed repetitive trauma injuries. In *Maxson*, a divided Supreme Court affirmed the trial court's finding that an employee was not entitled to workers' compensation benefits for his injury. The court analyzed the employee's ongoing shoulder pain under the statutory definition of an accident, which is defined as an "'unexpected or unforeseen injury happening suddenly and violently, with or without human fault, and producing at the time objective symptoms of an injury.'" *Maxson v. Michael Todd & Co.*, 238 Neb. 209, 211, 469 N.W.2d 542, 544 (1991), *disapproved, Jordan v. Morrill County*, 258 Neb. 380, 603 N.W.2d 411 (1999). The court then cited to its rule from *Sandel v. Packaging Co. of America*, 211 Neb. 149, 317 N.W.2d 910 (1982), stating that an accident is "sudden and violent" if the injury occurs at an identifiable point in time requiring the employee to discontinue employment and seek medical treatment. *Maxson*, 238 Neb. at 212, 469 N.W.2d at 544. The court held, however, that the compensation court correctly concluded that "the cumulative effects of repeated work-related trauma which do not at an identifiable moment produce objective symptoms requiring, *within a reasonably limited period of time*, medical attention and the interruption or discontinuance of employment are not the product of an accidental injury." *Id*. at 213, 469 N.W.2d at 545 (emphasis supplied).

In *Vencil v. Valmont Indus.*, 239 Neb. 31, 473 N.W.2d 409 (1991), *disapproved, Jordan v. Morrill County, supra*, a divided Supreme Court once again affirmed the compensation court's denial of an employee's claim for workers'

- 939 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
27 NEBRASKA APPELLATE REPORTS
MARTINEZ v. INTERNATIONAL PAPER CO.
Cite as 27 Neb. App. 933

compensation benefits for his back pain. The court conducted the same analysis as was done in *Maxson v. Michael Todd & Co., supra*, and again held that "[t]he cumulative effects of repeated work-related trauma which do not at an identifiable moment produce objective symptoms requiring, within a reasonably limited period of time, medical attention and the interruption or discontinuance of employment are not the product of an accidental injury . . . ." *Vencil v. Valmont Indus.*, 239 Neb. at 32, 473 N.W.2d at 411.

In 1999, the Supreme Court again addressed repetitive trauma injuries in *Jordan v. Morrill County, supra*. In *Jordan*, the compensation court awarded the employee benefits, finding that he suffered a repetitive trauma injury. The compensation court review panel reversed the single judge's decision, finding that the employee did not interrupt or discontinue his employment to seek medical treatment. *Id*. Although the Supreme Court affirmed the review panel's decision, it did so because the employee did not interrupt his employment when he sought medical treatment. *Id*. The Supreme Court clarified that "[f]or purposes of the Nebraska Workers' Compensation Act, 'suddenly and violently' does not mean instantaneously and with force, but, rather, the element is satisfied if the injury occurs at an identifiable point in time requiring the employee to discontinue employment and seek medical treatment." *Jordan v. Morrill County*, 258 Neb. at 389, 603 N.W.2d at 419. The court concluded by specifically disapproving *Maxson v. Michael Todd & Co., supra*, and *Vencil v. Valmont Indus., supra*, on the grounds that "interruption of employment" means only discontinuation of employment. *Jordan v. Morrill County*, 258 Neb. at 390, 603 N.W.2d at 419.

The court next addressed the issue in 2003 in its wide-ranging opinion in *Dawes v. Wittrock Sandblasting & Painting*, 266 Neb. 526, 667 N.W.2d 167 (2003), *disapproved on other grounds, Kimminau v. Uribe Refuse Serv*., 270 Neb. 682, 707 N.W.2d 229 (2005). The court cited to the rule iterated above in *Jordan v. Morrill County, supra*, that an accident occurs

- 940 -

Nebraska Court of Appeals Advance Sheets
27 Nebraska Appellate Reports
MARTINEZ v. INTERNATIONAL PAPER CO.
Cite as 27 Neb. App. 933

"'suddenly and violently'" if the injury occurs at an identifiable point. *Dawes v. Wittrock Sandblasting & Painting*, 266 Neb. at 555, 667 N.W.2d at 192. The court expanded on the rule, stating, "We have stated that most jurisdictions regard the time of an accident as sufficiently definite, for purposes of proving [suddenly and violently], 'if either the cause is reasonably limited in time *or the result materializes at an identifiable point. . . .*'" *Id*. at 556, 667 N.W.2d at 193 (emphasis in original). The court then found that the record supported the finding that the employee's injury occurred at an identifiable point in time and, thus, was compensable under *Jordan v. Morrill County*, 258 Neb. 380, 603 N.W.2d 411 (1999).

The Supreme Court applied the rule enunciated in *Dawes* numerous times in the following years. In *Swoboda v. Volkman Plumbing*, 269 Neb. 20, 29, 690 N.W.2d 166, 173 (2004), the court addressed the employee's repetitive trauma injury under the "disjunctive" test provided for in *Dawes* and found that the employee's injury materialized at an identifiable point in time, which occurred when he sought medical treatment for his injured shoulders and then discontinued his employment. The disjunctive test was also applied in *Risor v. Nebraska Boiler*, 277 Neb. 679, 765 N.W.2d 170 (2009), where the court found that the employee's hearing loss materialized at an identifiable point in time.

Finally, in *Potter v. McCulla*, 288 Neb. 741, 748, 851 N.W.2d 94, 100 (2014), the parties agreed that the employee's injury happened "'suddenly and violently'" and the only question was which of several successive employers were liable. The court focused on defining the identifiable point at which an injury manifests itself, and in doing so, it refused to adopt tests used by other jurisdictions regarding repetitive trauma injuries. It reaffirmed its prior holdings that a repetitive trauma injury manifests on the date that the employee has both sought medical treatment and missed work due to the injury.

[5] After considering the above case law, it is clear that the Supreme Court considers whether a repetitive trauma injury

- 941 -

Nebraska Court of Appeals Advance Sheets
27 Nebraska Appellate Reports
MARTINEZ v. INTERNATIONAL PAPER CO.
Cite as 27 Neb. App. 933

is compensable under the test described in *Dawes v. Wittrock Sandblasting & Painting, supra*, and its progeny, and not the limited test provided for in *Maxson v. Michael Todd & Co.*, 238 Neb. 209, 469 N.W.2d 542 (1991), *disapproved, Jordan v. Morrill County, supra*, and *Vencil v. Valmont Indus.*, 239 Neb. 31, 473 N.W.2d 409 (1991), *disapproved, Jordan v. Morrill County, supra*. International Paper argues that the facts of the present case are more similar to the facts of *Maxson* and *Vencil* and that it is better public policy to deploy the test enunciated in *Maxson* and *Vencil*. However, under the doctrine of stare decisis, lower courts must follow the precedent of higher appellate courts. See *Sanford v. Clear Channel Broadcasting*, 14 Neb. App. 908, 719 N.W.2d 312 (2006) (vertical stare decisis compels lower courts to follow strictly decisions rendered by courts of higher rank within the same judicial system). Accordingly, we find that the compensation court did not err as a matter of law in analyzing Martinez' repetitive trauma injury under the test enunciated in *Dawes v. Wittrock Sandblasting & Painting, supra*, and its progeny.

*Martinez' Repetitive*
*Trauma Injury.*

Having concluded that the compensation court used the correct test to analyze Martinez' injury, we find that the court did not err in determining that he suffered a compensable repetitive trauma injury.

[6] The Nebraska Workers' Compensation Act defines an accident as "an unexpected or unforeseen injury happening suddenly and violently, with or without human fault, and producing at the time objective symptoms of an injury." Neb. Rev. Stat. § 48-151(2) (Reissue 2010). Accord *Risor v. Nebraska Boiler, supra*. Under § 48-151(2), an injured worker must satisfy three elements to prove an injury is the result of an accident: (1) The injury must be unexpected or unforeseen, (2) the accident must happen suddenly and violently, and (3) the accident must produce at the time objective symptoms of

- 942 -

Nebraska Court of Appeals Advance Sheets
27 Nebraska Appellate Reports
MARTINEZ v. INTERNATIONAL PAPER CO.
Cite as 27 Neb. App. 933

injury. *Risor v. Nebraska Boiler, supra*. Only the second element is in dispute in this appeal.

[7,8] Under § 48-151(2), "suddenly and violently" does not mean instantaneously and with force; instead, the element is satisfied if the injury occurs at an identifiable point in time, requiring the employee to discontinue employment and seek medical treatment. *Risor v. Nebraska Boiler, supra*. The time of an accident is sufficiently definite if either the cause is reasonably limited in time or the result materializes at an identifiable point. *Id*. An employee establishes an identifiable point in time when a repetitive trauma injury occurs if the employee discontinues work and seeks medical treatment; it does not matter how long the discontinuation of employment lasts. See *Vonderschmidt v. Sur-Gro*, 262 Neb. 551, 635 N.W.2d 405 (2001).

Here, Martinez suffered a repetitive trauma injury that materialized at an identifiable point. Martinez testified that he felt a sharp pain in his shoulder and that his shoulder then locked up on November 8, 2017. When he returned to work the next day, he informed his supervisor that he could not work, and he was taken to see the doctor. Following his doctor visit on November 9, Martinez was placed on light duty at work and did not use his right arm. Martinez then missed work following his surgery to repair his shoulder. Because Martinez discontinued his employment and sought medical treatment for his right shoulder on November 9, his repetitive trauma injury materialized at an identifiable point in time.

On appeal, International Paper asserts that November 9, 2017, was not a significant date; instead, it was an "arbitrarily chosen date concocted as an alternative theory of recovery." Brief for appellants at 21. International Paper further asserts that Martinez experienced no new symptoms on November 9 and that his shoulder pain had been present since 2008. While Martinez did testify that his shoulder pain began in 2008 and continued until 2017, his testimony indicated that the only time that he had to miss work to seek medical treatment

- 943 -

Nebraska Court of Appeals Advance Sheets
27 Nebraska Appellate Reports
MARTINEZ v. INTERNATIONAL PAPER CO.
Cite as 27 Neb. App. 933

for his shoulder was on November 9. Therefore, contrary to International Paper's assertion otherwise, November 9 was a significant date because it is the date that Martinez disrupted his employment to seek medical treatment for his shoulder.

International Paper also alleges that Martinez sought medical attention for his shoulder prior to November 9, 2017, and that he indicated to his medical providers his pain was constant and worsening from 2008 to 2017. Martinez testified that he saw his family physician in September for his annual physical and that he mentioned he was experiencing shoulder pain at that time. He denied that he saw his doctor because of his shoulder pain. Further, there is no indication in the record that Martinez disrupted his work to see his family physician in September. Moreover, as iterated above, Martinez sought medical treatment for his shoulder pain on November 9, when his pain became unbearable. Accordingly, under the appropriate test for repetitive trauma injuries, Martinez' injury materialized on November 9.

Based on the record, the compensation court's determination that Martinez suffered a compensable repetitive trauma injury was not clearly wrong.

*Reynolds' Report.*

International Paper also argues that the compensation court erred in relying on Reynolds' causation report because it contained errors which made it unreliable. We disagree.

International Paper asserts that Reynolds' report was not credible because it contained the incorrect date of Martinez' injury and incorrectly identified his injury as an acute injury, which was contrary to Martinez' testimony. In his causation report, Reynolds stated:

> [Martinez] mentioned he had had some occasional soreness off and on over the years with a lot of repetitive use-type activities at work. However, he had an acute episode roughly six weeks earlier, which does correspond

- 944 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
27 NEBRASKA APPELLATE REPORTS
MARTINEZ v. INTERNATIONAL PAPER CO.
Cite as 27 Neb. App. 933

to the November 9, 2017, date when all of the sudden he had an increase in pain from an activity at work.

[9] At the hearing, Martinez testified that he had continuous and worsening pain in his shoulder dating back to 2008. Martinez also testified that he felt a sharp pain in his shoulder on November 8, 2017. Thus, International Paper is correct that Reynolds' report is inconsistent with Martinez' testimony. However, the compensation court noted the discrepancies in Reynolds' report and still found the report persuasive enough to carry Martinez' burden of proof and persuasion. As the trier of fact, the compensation court is the sole judge of the credibility of witnesses and the weight to be given their testimony. *Frauendorfer v. Lindsay Mfg. Co.*, 263 Neb. 237, 639 N.W.2d 125 (2002). We defer to the court's determination and find no error in its reliance on Reynolds' causation report.

## CONCLUSION

After reviewing the record, we conclude that the compensation court applied the appropriate test in analyzing Martinez' repetitive trauma injury. The court did not err in finding that Martinez suffered a repetitive trauma injury, and it did not err in relying on Reynolds' causation report. We therefore affirm the award of the compensation court.

AFFIRMED.